PER CURIAM.
This is an appeal from a final judgment and an amendment to the final judgment of dissolution. The trial court originally made alimony and child support awards to appellant/wife and awarded her the exclusive use of the marital home as long as the minor children continued to live with her unmarried. Subsequently, on its own motion, the trial court awarded husband the exclusive occupancy of another house owned by the parties in Opp, Alabama, also until the minor children reached majority. Later the court granted a Petition for Clarification filed by husband which provided that wife’s half of certain certificates of deposit awarded in the final judgment be charged with one-half of a loan against them which had financed the purchase of a truck for husband during the marriage. *29 After a hearing, the trial court found a special equity in favor of husband and reinstated its order giving him the exclusive use of the Alabama house as long as the minor children resided with wife unmarried. The court denied wife’s request for attorney’s fees. Finally, he ordered husband to pay wife an additional $1,750 to equalize the values of the vehicles awarded in the final judgment, but reinstated his order charging wife’s part of the certificates of deposit with one-half of the loan on husband’s truck. This appeal by wife ensued.
Wife contends first that the trial court erred in awarding the exclusive use of the Alabama house to husband as long as the minor children continued to live with wife unmarried. We do not agree. The record reveals that husband drew the blueprints and laid the foundation for the house himself, and personally contracted out the carpentry, bricklaying, plumbing and wiring work on it. In addition, he made numerous weekly trips from Pensacola to Alabama over a three-month period to pay the subcontractors and otherwise supervise the construction of the house. We find this significant personal contribution to be sufficient to establish a special equity in husband in the Alabama house, at least to the extent of granting him the exclusive use of that house while wife has exclusive use of the parties’ marital home. See Ball v. Ball, 335 So.2d 5 (Fla.1976).
Wife’s second point disputes the trial court’s requirement that she be responsible for one-half of the debt on the 1972 GMC pick-up truck awarded to husband. We do not find an abuse of discretion in the disposition here. The loan secured by the certificates was undertaken during the marriage; and when the certificates were divided equally upon dissolution it was completely proper for the court to split the obligation as well. In addition, the court upon the rehearing equalized the values of the vehicles awarded by requiring husband to pay a large additional sum to wife. The point is without merit.
Finally wife contends that the court erred in failing to award her attorney’s fees. Again we do not agree. Wife was awarded substantial sums of cash in the final judgment of dissolution sufficient to pay her attorney for his services in the cause. It is improper to award attorney’s fees to a party who has the ability to pay. Johnson v. Johnson, 346 So.2d 591 (Fla. 1st DCA 1977); Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977). There was no abuse of discretion.
The judgment is AFFIRMED.
McCORD, C. J., BOYER, J., and McLANE, RALPH M., Associate Judge, concur.