379 So.2d 949 (1980)
Dorothy Nell DUNCAN, Petitioner,
v.
Tommy David DUNCAN, Respondent.
No. 53966.
Supreme Court of Florida.
January 31, 1980.
*950 Robert E. Gibson and Hal P. Dekle of Williams, Gibson & Harley, Tallahassee, for petitioner.
Harold E. Regan, Tallahassee, for respondent.
OVERTON, Justice.
This cause is before the Court on a petition for certiorari to review the decision of the First District Court of Appeal reported at 356 So.2d 28 (Fla. 1st DCA 1978). The district court approved the trial court's judgment, which included as part of an overall property disposition the award to the husband of exclusive use of jointly held Alabama property occupied by the husband's parents. The award was based upon the husband's special equity in the property. We initially accepted jurisdiction based upon conflict in the areas of exclusive possession and special equity. Conflict with Watson v. Watson, 324 So.2d 126 (Fla. 3d DCA 1976), Ranes v. Ranes, 311 So.2d 370 (Fla. 2d DCA 1975), and Saviteer v. McAdoo, 310 So.2d 28 (Fla. 2d DCA 1975), concerning the award of exclusive possession has been resolved in part by our express disapproval of Saviteer and Ranes in McDonald v. McDonald, 368 So.2d 1283 (Fla. 1979). Conflict remains with Ball v. Ball, 335 So.2d 5 (Fla. 1976), on the issue of what spousal contributions establish a "special equity." We have jurisdiction.[1] There is a need to define those circumstances in domestic relations proceedings which justify a special equity award and to harmonize the criteria for exclusive possession awards.
In most dissolution proceedings involving long-term marriages and minor children, the trial judge is presented with the difficult task of stretching the available family dollars to provide for two family units instead of one. There is seldom enough money to fulfill the needs of the parties and their children in the manner to which they were accustomed prior to the dissolution proceedings.
In the instant case we find the trial judge was sensitive to such problems and entered a fair and equitable dissolution judgment which will, to the extent possible, maintain some fiscal stability for this family until the youngest child reaches majority. Although we disagree with the finding that the husband had a special equity in the Alabama property, we nonetheless fully concur in the award of exclusive possession, given the circumstances of this case.
At the time of the dissolution, the parties had been married for thirty-three years. They had five children, two of whom were still minors and living at home. The accumulated material wealth of the parties acquired during this marriage consisted of the following: cash in the amount of $14,800; a home with unencumbered title, held as a tenancy by the entirety, consisting of twenty-three acres with an assessed valuation of $36,000; residential real property with unencumbered title in Opp, Alabama, held as a tenancy by the entirety and occupied by the parents of the appellee husband, the assessed value of which was $20,000; and motor vehicles consisting of a 1965 Ford, customarily used by the wife, a 1975 Buick, and a 1972 GMC pickup truck, customarily used by the husband. The parties also owned personal household goods, tools, and a tractor. The husband occupied the role of the principal provider and at the time of the dissolution was employed by the State of Florida with a net take-home pay of $266 per week. The wife in this marital partnership has been a homemaker and has not been gainfully employed during the entire *951 marriage. She asserted in her financial statement that she needed $600 per month in expense funds to maintain herself and minor children.
In its final judgment the trial court granted to the wife child support in the amount of $150 per month for each child; permanent alimony in the amount of $300 per month; the exclusive use and control of the home as long as either child is under the age of eighteen years, living with her, and unmarried; the home furnishings; the 1965 Ford automobile; one-half of the cash; and an additional sum of $1,750 to equalize the automobile distribution. The court directed that the husband pay to the wife the sum of $600 per month through March 1, 1979; the sum of $450 per month through July 1, 1982; and the sum of $300 per month thereafter. The reduction dates coincide with the months in which the two minor children reach their respective majorities. The wife would thus initially receive $7,200 a year plus the use of the home without rent or mortgage obligations during her period of exclusive possession.
The husband is left with approximately $6,200 of annual income, from which must be deducted the cost of living accommodations in the Tallahassee area in order to maintain his state employment. The trial court granted to the husband the 1975 Buick; the 1972 GMC pickup truck; his tools, tractor, and other equipment; and one-half of all cash less the $1,750 necessary to equalize the automobile distribution. The husband also received exclusive use of the Alabama residential property, occupied by the husband's parents, as long as either child is under the age of eighteen years, living with the wife, and unmarried. In this regard the court found that:
[T]he husband has a special equity in this residence based on the fact that he participated in the construction of the same by laying the bricks, digging the trenches, preparing the blue prints, hiring the carpenter and brick laying sub-contractors, over-seeing their work at least once a week for several months by traveling from Pensacola, Florida, to Opp, Alabama and by buying and hauling to the job site the various building materials. Further, the Court finds that all of the money which went into this home was derived from the salary and wages of the husband and the home was built with the permission of the wife, for the husband's mother and father, who have resided there since its completion in 1960.
The effect of granting the exclusive use of the marital home and Alabama property to the wife and the husband, respectively, until the youngest child reaches majority, is to toll for six years the final disposition of the real property acquired by the parties during their marriage.
In upholding the judgment of the trial court and approving this grant of exclusive possession of the Alabama property to the husband, the district court of appeal found that the husband's actions in acquiring and improving this property were a "significant personal contribution ... sufficient to establish a special equity in husband in the Alabama house, at least to the extent of granting him the exclusive use of that house while wife has exclusive use of the parties' marital home." 356 So.2d at 29.
Given the totality of the factual circumstances, the record evidence is sufficient to justify the exclusive possession awards, including the property dispositions, alimony, and child support award. However, we must reject the finding that the efforts of the husband in constructing the improvements on the Alabama property constituted a "special equity."
Grants of "special equity" and "exclusive possession" in certain property are judicially created terms. They were established to assist the trial judge in the formulation of equitable property dispositions and support orders. In establishing criteria to govern the application of the terms "special equity" and "exclusive possession," we must be careful to avoid inflexible rules of law which unduly restrict the trial judge in determining what is equitable and just. The terms "special equity" and "exclusive possession" were established to do equity in those circumstances where their use is appropriate and justified.

*952 Special Equity

The term "special equity" was judicially created to avoid the harshness of the statutory rule that absolutely prohibited alimony for an adulterous wife. See Heath v. Heath, 103 Fla. 1071, 138 So. 796 (1932). In its true sense, a "special equity" is a vested interest which a spouse acquires because of contribution of funds, property, or services made over and above the performance of normal marital duties. Eakin v. Eakin, 99 So.2d 854 (Fla. 1958). See, e.g., Ball v. Ball, 335 So.2d 5 (Fla. 1976) (property acquired with inherited funds of one spouse); Merrill v. Merrill, 357 So.2d 792 (Fla. 1st DCA 1978) (one spouse entered the marriage with possession of realty and personalty); and Green v. Green, 228 So.2d 112 (Fla. 3d DCA 1969) (one spouse contributed special labor toward accumulation of the other spouse's wealth). A special equity in property held as tenants by the entirety will not arise when the property is acquired from funds generated by a working spouse while the other spouse performed normal household and child-rearing responsibilities. Ball v. Ball; accord Fiedler v. Fiedler, 375 So.2d 1119 (Fla. 2d DCA 1979).
The vested property interest established by this type of "special equity" is not alimony. It is clearly distinguishable from the "special equity" finding used to justify lump sum alimony. This distinction is set forth in our opinion in Canakaris v. Canakaris, No. 54,124 (Fla. January 31, 1980), rendered simultaneously with this decision.
When the court finds a true "special equity," it should indicate that the party has a vested interest in the subject property. The award, once made, is permanent and not subject to modification.

Exclusive Possession of Property
The award of "exclusive possession" of property subject to disposition in a dissolution proceeding should either be directly connected to the obligation to pay support or be temporarily necessary to prevent reduction in the value of the subject property. The critical question is whether the award is equitable and just given the nature of the case. A grant of exclusive possession of property to one of the parties in a final judgment must serve a special purpose. See, e.g., McDonald v. McDonald, 368 So.2d 1283 (Fla. 1979) (a form of rehabilitative alimony for a spouse demonstrating a need); George v. George, 360 So.2d 1107 (Fla. 3d DCA 1978) (aid to a child who had reached majority but who had a debilitating muscular disorder); Lange v. Lange, 357 So.2d 1035 (Fla. 4th DCA 1978) (aid to a spouse with mental problems); and Richardson v. Richardson, 315 So.2d 513 (Fla. 4th DCA 1975) (aid to a spouse with custody of minors). In each of these instances, the exclusive possession is actually a facet of support and is clearly warranted because of the equity of the cause. We can foresee the need to grant temporary exclusive possession of a family business in order to ensure income for support and to avoid an immediate substantial reduction in value.
We reject the asserted inflexible rule that an award of exclusive possession of property must be limited to the home, that it benefit only a spouse with minor children, and that it must terminate when all children born of the marriage have attained the age of majority. McDonald v. McDonald. In so holding, we disapprove Church v. Church, 338 So.2d 544 (Fla. 3d DCA 1976); Watson v. Watson, 324 So.2d 126 (Fla. 3d DCA 1975); Ranes v. Ranes; and Saviteer v. McAdoo.
An award of exclusive use of property must be determined by the equity of the cause and should be for a specified period. It is always subject to modification whenever there is a change of circumstances.

The Instant Case
We fully recognize that the disposition of property acquired during a marriage and the provisions of child support and alimony are mutually dependent. A judgment containing each of these ingredients must be fair and equitable and must provide a plan of hopeful fiscal stability, particularly during the time when the family *953 unit includes minor children who must be properly supported. In the instant case the parents of the husband have been provided a residence in Alabama where they have resided since 1960. This property is part of the accumulated marital assets and was acquired by the husband and wife with funds earned in the course of their marriage. When considered with the award of the marital home to the wife, the fiscal condition of the parties, the husband's ability to provide support, and the termination date of the possession, we must agree that the award of exclusive possession of the Alabama property to the husband was within the discretion of the trial judge. To do otherwise would likely force partition of the Alabama property, resulting in significant relocation expense for the husband's parents and an accompanying decrease in the husband's fiscal ability. This, in turn, could adversely affect provisions for the support of the wife and minor children. The amount of money available for this family is limited. The trial judge in this instance balanced the needs of the parties and determined that this plan would provide stability for the entire family until the children reached majority. The award of exclusive possession merely tolled the time for the final disposition of the real property acquired during the marriage until the youngest child reaches majority. We find that there was a demonstrated need for this exclusive possession award, which is directly connected with the support provisions of this final judgment.
The division and distribution of material wealth acquired in the course of a marriage and the interconnected needs for the support of a spouse and minor children, together with the parties' respective financial problems, are among the most difficult and sensitive issues facing a trial judge in this type of proceeding. In this case the trial judge entered an equitable and reasonable judgment. Although the erroneous finding of a special equity served as a legal basis for the award of exclusive possession of the Alabama property, the facts warranting the award were clear from the record. We affirm this correct result even though it was reached in part for the wrong legal reason. Firestone v. Firestone, 263 So.2d 223 (Fla. 1972); In Re Estate of Yohn, 238 So.2d 290 (Fla. 1970). We disapprove the opinion of the district court as it relates to the issues discussed in this opinion and deny the petition for writ of certiorari.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD and ALDERMAN, JJ., concur.
SUNDBERG, J., dissents.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.