386 So.2d 280 (1980)
Idali M. AGUIAR, Appellant,
v.
Carlos W. AGUIAR, Appellee.
No. 78-1551.
District Court of Appeal of Florida, Fourth District.
June 25, 1980.
Rehearing Denied August 20, 1980.
*281 Harry G. Carratt of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, and Thomas W. Johnston of Fischer, Moran & Johnston, Pompano Beach, for appellant.
Harry Hipler and James H. Walden of Walden & Walden, Dania, and S. Robert Zimmerman, Pompano Beach, for appellee.
BERANEK, Judge.
This is an appeal by the wife from a final judgment of dissolution. The parties were married for almost 40 years. They were married shortly after the wife graduated from high school in Puerto Rico and have lived in the continental United States since 1939. Three children were born to the marriage, and the wife occupied her time as mother and homemaker. The wife does not speak English, does not drive a car, and was never employed during the marriage.
While the wife has been the homemaker, the husband has always been employed outside the home. At the time of the final hearing, he was approximately 61 years old and working as a machine designer for the IBM Corporation. His salary was in the vicinity of $26,000 per year. The husband had also been employed at other part-time jobs.
At the time of the dissolution, the parties owned two homes, one located in Orlando and the other in Pompano Beach. The wife resided in the Pompano Beach home and the Orlando home was rented. The parties jointly owned $20,000 in IBM stock. The wife also had approximately $13,000 in cash, representing an $8,000 personal injury recovery and a $5,000 inheritance.
The final judgment of dissolution provided that (1) the two jointly owned homes should be sold and the parties were to split the proceeds, (2) the husband was awarded a special equity in the wife's interest in the IBM stock, and (3) the wife was awarded $75 per week permanent periodic alimony.
On appeal, the wife asserts (1) that husband should not have received a special equity in her IBM stock, (2) that the amount of permanent periodic alimony was insufficient, and (3) that wife should have received a special equity in the Pompano home for mortgage payments she has made since the separation or alternatively she should receive the Pompano home as lump sum alimony.
We deal initially with the award to the husband of a special equity in the form of the wife's interest in the jointly owned stock. It is clear that this stock was purchased during the marriage from payroll deductions out of the husband's salary. In Duncan v. Duncan, 379 So.2d 949 (Fla. 1980), the Supreme Court stated at page 952:
A special equity in property held as tenants by the entirety will not arise when the property is acquired from funds generated by a working spouse while the other spouse performed normal household and child-rearing responsibilities.
Here, the wife was performing household duties and raising children while the husband worked. His earnings were certainly not an extraordinary contribution nor were they from a source outside the marital relationship. In accordance with Duncan v. Duncan, supra, and the rule laid down in Ball v. Ball, 335 So.2d 5 (Fla. 1976), the trial court erred in awarding the husband the wife's interest in the stock. Also see Fiedler v. Fiedler, 375 So.2d 1119 (Fla. 2d DCA 1979).
The wife also contends that the $75 per week in alimony was insufficient. Employing the test of reasonableness set out in Canakaris v. Canakaris, 382 So.2d 1197, 1980, we conclude that this minimal award of alimony constituted an abuse of discretion and same is therefore reversed. The husband has income of approximately $26,000 per year and the wife has no income. The wife is beyond an age where she *282 can compete in the labor market and is certainly beyond the age for rehabilitative alimony. She cannot drive a car or speak the English language and has been married for almost 40 years, during which time her role was that of a homemaker. She is clearly entitled to permanent alimony under McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977), and Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974). As stated in both Brown and Canakaris, the parties to a marriage are partners and basic fairness requires that the wife receive sufficient alimony to compensate her for her contribution to the marriage. We find as the Courts did in Brown and Canakaris that the wife has been "shortchanged." The uncontested evidence demonstrates an ability on the part of the husband to pay an amount in excess of $75 per week and the clear need on the part of the wife to receive more than this amount. We conclude that the wife is entitled to permanent periodic alimony but reverse and remand for a redetermination as to the amount.
The wife also asserts error in the trial court's denial of her request for a special equity in the marital home for the monthly mortgage payments she made since the separation of the parties. The wife correctly relies on Singer v. Singer, 342 So.2d 861 (Fla. 1st DCA 1977). It is clear from the evidence that after the separation of the parties the wife made the mortgage payments on this home from her own funds. These funds were from a source totally unconnected with the marriage and we can see no reason why the wife was not entitled to a special equity or at least some adjustment recognizing her payment of this mortgage obligation. We therefore conclude that the trial court abused its discretion in failing to award a special equity under the circumstances and remand for further consideration of this point also.
The wife's final point urges that the trial court erred in failing to grant her title to the marital residence as lump sum alimony. This may well be a case appropriate for lump sum alimony. We do not however decide this point because the issues concerning alimony are interrelated and the entire judgment should be reconsidered as was held in Bradley v. Bradley, 327 So.2d 253 (Fla. 4th DCA 1976). We thus find it necessary to vacate the entire final judgment as it relates to financial matters between the parties and remand for full reconsideration of all such issues in conformance with this opinion.
REVERSED AND REMANDED.
HERSEY and GLICKSTEIN, JJ., concur.