FRANK D. UPCHURCH, Jr., Judge.
The wife appeals from a final judgment of dissolution of marriage which awarded her lump sum alimony of $25,000 but provided that this award could be satisfied by the husband’s returning the wife’s furniture to her which he had in his possession.
While at first blush it appears that the trial judge has made a rather obvious error, we have concluded that he was probably aware that it did not qualify as a lump sum award. We believe he labeled it as such as a device to persuade husband to return wife’s furniture to her expeditiously and without damage. While we acknowledge and admire his ingenuity, we cannot approve the procedure.
Lump sum alimony may be awarded as follows:
[T]o ensure an equitable distribution of property acquired during the marriage, provided the evidence reflects (1) a justification for such lump sum payment and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status.
Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980). The requirement that the lump sum award be paid by returning property which the parties agreed belonged to the wife was not proper. Canakaris. See also Duncan v. Duncan, 379 So.2d 949 (Fla. 1980); Kirchman v. Kirchman, 389 So.2d 327 (Fla. 5th DCA 1980). However, we cannot determine whether the trial court based its award of lump sum alimony in the amount of $25,000 because of the availability of the furniture to husband as an asset. We therefore must remand to the trial court to reconsider the alimony question based on the criteria enumerated in Cana-karis.
The alimony provision of the judgment is reversed and remanded for reconsideration by the trial court.
DAUKSCH, C. J., and COWART, J., concur.