LETTS, Chief Justice,
dissenting.
I dissent.
It is precisely because of the Canakaris decision that I think the Supreme Court would find error here.
This long time marriage with three children, involves a wife and mother who is most unwell and cannot go out and make a decent living. Their standard of living during the marriage was lavish and the wife is now in very reduced circumstances under the terms of the periodic award, not remotely comparable to the style she enjoyed during the marriage.
The husband argues that their style of living was too lavish and that they lived beyond their means, but the record adequately reflects a continuation by him of the same old excessive standard since the separation. His continued expenditures include a Mercedes Benz car for his new paramour, an apartment at the Jockey Club *506 and a house and car for his mother, to name but a few examples.
Perhaps the husband is overspending his income, but the record reflects a very significant accumulation of wealth during the marriage which would justify a lump sum award under Canakaris, especially since there are indications of him overspending his income which may well make him give unreliable response to a periodic award. I recognize that a wife does not normally obtain a special equity in a martial home held as a tenancy by the entirety. See Duncan v. Duncan, 379 So.2d 949 (Fla.1980). However, a $200,000 mortgage was placed on this one, signed by the wife, to provide the funds used to further the husband’s financial maneuverings which have made him a rich man and which have reduced the equity in the home place.
As I see it, such conduct as I have outlined by way of a few examples, clearly would mandate the trial judge to award either a lump sum award or a special equity in view of the relatively low periodic award in this case. In this regard, the majority has cited Canakaris backwards. At the time of the trial of this cause neither Canakaris nor Duncan had been decided. Accordingly under the old line of decisions controlling at the trial, the trier of the fact had practically no discretion to grant lump sum alimony and only very limited special equity powers. As I see it Canakaris calls not for an affirmance, but for a reversal.
This wife has been reduced from prosperity to misfortune while the husband continues unabated to satisfy his appetite for the very best in life. I would reverse.