COBB, Judge.
This is an appeal by the wife, Margaret Alice Powell, from a final judgment regarding property rights, alimony, attorney fees and costs awarded by the trial court in conjunction with a dissolution of her fourteen-year marriage to Harry E. Powell.
It is the contention of the appellant that the trial court erred in denying her claims for special equity and lump-sum alimony in regard to promissory notes due the parties resulting from the sale of stock in an incorporated family business, United Pest Control, Inc., and the real property from which the business operated; in denying her any special equity in another corporation owned by the husband, Tillis Exterminating, Inc.; in denying her permanent alimony; and in awarding her interest in a jointly-owned business, Robbins & Rollins, Inc., to the husband.
It is axiomatic that factual conflicts below must be viewed and resolved in favor of the appellee by this court. Viewed from that perspective, there was evidence before the trial court that these parties actually had become insolvent despite paper “assets,” thus rendering each party “needy,” and neither “able” to pay substantial alimony beyond that provided.
The trial court, in paragraph 12 of its judgment, stated “that neither party shall be entitled to alimony, either permanent or rehabilitative, from the date of this Order.” This statement is contrary to what the trial court actually awarded, and indicates a misconception by the court of the broad compass of the term “alimony.” The trial court ordered the defunct husband to pay joint liabilities of the parties in an amount of approximately $100,000, the equivalent in itself of an alimony award. In addition, the wife was awarded temporary alimony in the form of the right to occupy the marital home for a two-year period,[1] the interest of the husband in a jointly-owned 1978 Cadillac, a monthly $500 payment of accrued alimony pendente lite until discharge of an aggregate amount of $4,800, all the furniture and furnishings in the marital domicile, and a 10% interest in the monthly payments due on a note given by the corporate purchaser of the pest control business, United Pest Control of Central Florida, Inc., which constitutes a monthly payment to her of $330. The ap-pellee concedes that, as a result of scrivener’s error, this latter sum is shown to be $300 in the final judgment, and should be corrected accordingly.
The pest control business of the parties was originally capitalized, insofar as the Powells are concerned, solely with the husband’s assets acquired prior to this marriage. It was testified that the wives of *577 Powell and Huling were each issued a single stock share, as opposed to nine for each husband, only to avoid corporate dissolution in the event one of the couples divorced. This stock allocation was based upon the suggestion of the attorney handling the incorporation. There was evidence that the wife was paid a reasonable salary as an employee for all the work she did for the pest control business. There also was testimony that the wife was working daily at time of trial, that she had never applied for disability benefits, and that her mental problems were not disabling, either from an economic or physical standpoint. She herself testified that she had never been adjudicated incompetent nor even advised by an attending physician that she should not work. The note payable by the purchasers of the pest control business was of “questionable collectability” and was in default at time of trial.
It is clear, and was so conceded at oral argument by counsel for appellee, that no basis existed for the trial court to award the jointly-owned Robbins & Rollins stock to the husband. See Aguiar v. Aguiar, 386 So.2d 280 (Fla. 4th DCA 1980).
In Hair v. Hair, 402 So.2d 1201 (Fla. 5th DCA 1981), review denied, 412 So.2d 465 (Fla.1982), this court, in observing the guidelines from Canakaris,[2] relied upon the following quote from that landmark case:
In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the “reasonableness” test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.
With the exception of the award of the Robbins & Rollins stock, the indicated scrivener’s error, and the erroneous statement regarding alimony in paragraph 12, we cannot say that the judgment of the trial court, viewed in its totality, reflects a view which no reasonable man would take. Therefore, with those three exceptions, the judgment of the trial court should be affirmed and the cause remanded for the trial court to correct its final judgment in accordance with this opinion.
AFFIRMED in part; REVERSED in part; and REMANDED.
DAUKSCH, J., concurs.
SHARP, J., dissents with opinion.

. During this two-year period, the husband is required to pay one-half of the home mortgage, insurance, and taxes. This constitutes “support.” Duncan v. Duncan, 379 So.2d 949, 952 (Fla.1980). Therefore, the trial court judgment provided a two-year executory period within which the wife could petition for modification and extension of the alimony award without a showing of increased need or “change of circumstances,” but rather upon a showing that “notwithstanding reasonable and diligent efforts on (wife’s) part, substantial rehabilitation has not indeed occurred.” Reid v. Reid, 396 So.2d 818 (Fla. 4th DCA), review denied, 402 So.2d 612 (Fla.1981); Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975).

. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).