JOANOS, Judge.
This is an appeal from an award, in dissolution of marriage proceedings, of exclusive use and possession of the marital home and its furniture and furnishings to the wife. The circumstances of this award do not satisfy the prerequisites for an award of exclusive use and possession set forth in Duncan v. Duncan, 379 So.2d 949 (Fla.1980), therefore we reverse.
In Duncan the Supreme Court set forth the following standards against which to evaluate an award of exclusive use and possession of a marital home to a spouse:
The award of “exclusive possession” of property subject to disposition in a dissolution proceeding should either be directly connected to the obligation to pay sup *948 port or be temporarily necessary to prevent reduction in the value of the subject property. The critical question is whether the award is equitable and just given the nature of the case. A grant of exclusive possession of property to one of the parties in a final judgment must serve a special purpose, (citations omitted)
In the instant case the award was not directly connected to an obligation to pay support[1], nor was it alleged to be temporarily necessary to prevent reduction in the value of the property, nor did it purport to serve any special purpose within the mean-, ing of Duncan. See also McDonald v. McDonald, 368 So.2d 1283 (Fla.1979).
The record indicates that in the past several years since the dissolution, during a prior appeal and a substantial delay in seeking an order conforming to this court’s mandate following that appeal, Mrs. Foxx has made a substantial investment in the marital home and has maintained it without assistance from Mr. Foxx. Upon remand and partition of the property should a complaint for partition-conforming with Section 64.011, Florida Statutes, be filed, the trial court shall make special provision for her to recoup those expenditures over and above her one-half interest in that property.
REVERSED and REMANDED for further proceedings in light of this opinion.
LARRY G. SMITH and SHAW, JJ., concur.

. On the issue of support, specifically lump sum alimony, we are bound by the previous decision of this court in Foxx v. Foxx, 357 So.2d 754 (Fla. 1st DCA 1978).