HUBBART, Judge
(dissenting).
The court by today’s decision reverses “all awards in the nature of alimony” contained in the final judgment of marriage dissolution based on the alleged failure of the trial court to consider the appellee/husband’s federal pension in making such awards, and remands the cause for further proceedings “on the amount of alimony to be awarded the wife,” wherein presumably the trial court must take into account the appel-lee/husband’s federal pension. I must respectfully disagree with this disposition for two reasons.
First, I think the trial court did consider the appellee/husband’s federal pension in making the alimony award in this case. The final judgment of marriage dissolution, *272 in effect, so states in awarding the alimony herein:
“3. The Court, acknowledging the Husband’s employment in Maitland, Florida with the State of Florida, his infirmities and federal government compensation, the respective incomes of the parties and the other factors of this 35-year marriage, hereby awards the Wife alimony of $125.00 per week, commencing April 24th, 1982 and continuing each Saturday thereafter until the Husband attains age 62 years, at which time the alimony shall be reduced to $100.00 per week. Alimony shall terminate upon the remarriage of the Wife or the death of either party.” (R. 139) (emphasis added)
Plainly, the court was referring to the ap-pellee/husband’s $15,000 a year federal pension, as well as other federal benefits, which the record reveals the appellee/husband is currently receiving as compensation from the federal government. Moreover, the appellant/wife pled the existence of said pension below,[1] and the trial court at the final hearing specifically accepted the $15,000 pension as part of the appellee/husband’s overall annual income in this case.[2] All things considered, I think it beyond dispute that the trial court did, in fact, take into consideration the subject federal pension in making the award of alimony herein. Beyond that, I see nothing in the record which indicates in any way that the trial court was under a misapprehension, as the court now holds, that the above-stated pension could not be considered in awarding the alimony herein.
Second, the appellant/wife makes no complaint, in any event, as to the adequacy of the alimony award in this ease, thereby rendering it irrelevant what factors were considered in making this otherwise adequate award. In her main brief, the appellant/wife raises only two points on appeal: (1) an alleged denial of due process in the way the trial court conducted the final hearing below, although no objection was raised below concerning same; and (2) the failure of the trial court to award her a “special equity” in the marital home under Duncan v. Duncan, 379 So.2d 949 (Fla.1980). She makes no contention in any of the briefs filed in the cause or in her oral argument before the court that she was short changed in the above-stated alimony award. It, therefore, makes no difference what the trial court did or did not consider in making the alimony award herein as the alimony award, at least as to adequacy, is not challenged herein.
In sum, then, I see no point to a reversal and remand concerning the alimony award of the final judgment herein as there is nothing concerning that award which remotely rises to the level of a fundamental error as defined by the Florida Supreme Court. Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970). Moreover, I am not otherwise persuaded to upset the judgment appealed from based on the points actually raised by the appellant/wife on this appeal. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Duncan v. Duncan, supra; Castor v. State, 365 So.2d 701, 703 (Fla.1978). I would affirm the final judgment under review in all respects.

. The appellant/wife’s Petition for Dissolution of Marriage alleges in pertinent part:
“8. Petitioner is in need of permanent alimony and child support and Respondent has the ability to provide it for her so that she and Scott can have the same standard of living which they have enjoyed during the marriage. Although Respondent has been blind since prior to the inception of this marriage, Respondent has provided a high standard of living for Petitioner and Scott. He receives a tax free pension of approximately $15,000.00 a year and earns approximately $20,000.00 in addition thereto as an appeals referee with the State of Florida.” (R. 2) (emphasis added)

. In announcing its decision below, the trial court stated in pertinent part:
“I also understand that he [appellee/hus-band] has a Federal pension of $15,000 a year, and he also is working for the State for $21,733.92 gross or a net of $16,917.18 which he gets from the State.”
(R. 129)