DANAHY, Judge.
In this dissolution of marriage case the wife challenges certain financial awards made to the husband in the final judgment. We find merit in only one challenge; we agree with the wife that it was error for the trial judge to award the husband exclusive possession of the former marital residence for so long as he wishes to reside there.
The parties were married for thirty-eight years and accumulated assets having a value of approximately $700,000. After the dissolution of marriage, each will enjoy a fairly decent income from various investments. Thus the record does not support the conclusion that the husband is in need of any support from the wife.
In Duncan v. Duncan, 379 So.2d 949 (Fla.1980), our supreme court said that an award of exclusive possession of property subject to disposition in a dissolution proceeding should either be directly connected to the obligation to pay support or be temporarily necessary to prevent reduction in the value of the subject property. In the case before us, the husband tries to justify the award of exclusive possession to him as necessary to *786 prevent a reduction in the value of the property. He points out that the final judgment requires him to keep the house in good repair as a condition of his possession. He further points out that the used housing market is in a depressed condition and that the trial judge was attempting to protect the value of the property by denying the wife the unfettered ability to force partition at any time. The husband contends that the Duncan case recognized that a failure to award exclusive possession would likely result in partition, triggering a significant relocation expense to the spouse in possession.
We are not persuaded by the husband’s arguments that the award of exclusive possession to him can be justified under the Duncan rule.
The husband further attempts to justify the award on the additional ground that it was for the purpose of balancing the fact that the wife had purchased a condominium unit with marital funds, which she titled in her name only. He argues that the trial judge would have been justified in awarding some interest in the condominium to the husband, either as lump sum alimony or as a special equity. The husband did not, however, raise these points by way of cross-appeal. He simply says that the trial judge arrived at an equitable distribution by awarding the husband possession of the marital home to balance the fact that the wife had the condominium unit in which to live.
This court has rejected the proposition that “equitable division or distribution” of marital assets is an independent vehicle for an award of property in a dissolution of marriage proceeding. We have said that the property of the parties must be disposed of by resort to the concepts of alimony and special equities. Powers v. Powers, 409 So.2d 177 (Fla. 2d DCA 1982); Hu v. Hu, 432 So.2d 1389 (Fla. 2d DCA 1983).
We hold, therefore, that the award to the husband of exclusive possession of the former marital residence was error and we reverse the final judgment to that extent. In all other respects, the final judgment is affirmed.
AFFIRMED in part and REVERSED in part.
OTT, C.J., and SCHOONOVER, J., concur.