PER CURIAM.
The husband appeals a final judgment of dissolution awarding the wife his interest in a retail bait and tackle business. Although the final judgment does not explain the basis for the award, under the factual circumstances of this case, we find the award of the business is sustainable as either lump sum alimony or as a “special equity.”
The award was justified as lump sum alimony since it ensures an equitable distribution of property acquired during the marriage. Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980). The evidence reflects a justification for distribution of this property to the wife, and the husband’s economic status is not threatened since he was permitted to retain sole ownership of the wholesale shrimping business and the commercial fishing business, both of which were acquired during the marriage of the parties.
Moreover, the award was justified as a “special equity” since the wife contributed funds and services to the acquisition of this property above and beyond the performance of ordinary marital duties. Duncan v. Duncan, 379 So.2d 949 (Fla.1980). When the parties married, the bait and tackle business was closed. The husband testified that his cash value was worth “zero.” The wife gave the husband $9,300.00 to get the business going again and during the marriage she ran the bait and tackle business while the husband devoted his energy to the wholesale shrimping business and the commercial fishing business. When the husband had a heart attack and could not work for six to eight months, the wife operated the business without him.
We have considered the husband’s other point on appeal and find it to be totally without merit. The award to the wife of the husband’s interest in the bait and tackle business is AFFIRMED.
MILLS, SMITH and NIMMONS, JJ., concur.