479 So.2d 249 (1985)
Sandra Bell ANDREWS, Appellant,
v.
Donald Clark ANDREWS, Appellee.
No. 85-432.
District Court of Appeal of Florida, Second District.
December 4, 1985.
*250 C. Ray McDaniel, Bartow, for appellant.
Stephen M. Martin of Martin & Martin, P.A., Lakeland, for appellee.
LEHAN, Judge.
In this dissolution of marriage action, the wife contends on appeal that the trial court erred by allocating her an inadequate share of the marital assets and an insufficient award of alimony. We agree that the alimony award was insufficient and reverse.
The parties were married in 1956. The wife worked outside the home until the birth of their first child in 1959. A second child, born in 1969, was still a minor at the time of dissolution. The trial court gave custody of the younger child to the wife and ordered the husband to pay $400 a month as child support.
When the parties were first married, the husband attended veterinary school. In 1966 the husband opened a veterinary clinic in Polk County. The wife worked at the clinic and helped to establish the business, but was not employed there full-time.
The wife's previous career was as a nurse. She testified that she could take refresher courses to bring her nursing skills up-to-date. There was no evidence presented concerning what type of nursing job the wife could be expected to obtain, after being away from that field since 1960, or about what salary she might earn. The wife is fifty-three years old.
The husband has had three heart attacks and had heart bypass surgery in 1981. Although evidence concerning the husband's income varied, the record does indicate that his monthly net income is at least $2,900.
The final judgment of dissolution required the husband to pay $300 a month in permanent alimony. The wife was awarded the marital home, with an estimated value of approximately $80,000 subject to a $3,000 mortgage, plus a $9,000 car and about $30,000 worth of stocks and cash. The husband was awarded the remainder of the property which included cars, two pieces of real property, stocks, cash, an I.R.A., a profit-sharing plan, and the veterinary clinic together with the real estate on which the clinic is located.
It could be concluded from the record that the approximate net value of the award to the wife is $117,000 while the approximate net value of the award to the husband is $292,000. The husband testified that the stock retained by him originated as a gift from his grandmother and is, therefore, not part of the marital assets. Deducting the value of that stock (approximately $53,000) leaves the husband with assets of approximately $239,000.
As the Florida Supreme Court said in Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla. 1980),
[A] dissolution award should be sufficient to compensate the wife for her contribution to the marriage.
We recognize that a trial court need not equalize the financial position of the parties. However, a trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be "shortchanged."
In this case we must conclude that the wife has been shortchanged. We cannot say that the distribution of marital assets, although unequal, was inequitable. Applying the reasonableness test of Canakaris, justification for the result reached by the trial court is not lacking. See also Marcoux v. Marcoux, 464 So.2d 542 (Fla. 1985). The trial court's division of the property would appear to allow the husband *251 to retain possession of his business and its assets so that the pursuit of his career, and his earning ability, may continue undisturbed.
However, in light of the husband's continued earning ability and the financial position of the wife, we believe that a larger award of alimony is appropriate "to provide the needs and the necessities of life to [the wife] as they have been established by the marriage of the parties." Canakaris, 382 So.2d at 1201. See also Walter v. Walter, 464 So.2d 538 (Fla. 1985); Aguiar v. Aguiar, 386 So.2d 280 (Fla. 4th DCA 1980). Pursuant to Canakaris, the two primary elements to be considered when determining permanent periodic alimony are the ability of one spouse to provide the necessary funds and the needs of the other spouse for those funds. Here the record indicates that the husband has the income to provide, and the wife has the need for, more alimony. The amount of increased alimony should be determined by the trial court, taking into consideration the discrepancy between the parties' present earning abilities, the wife's age, the duration of the marriage, the parties' health, the standard of living enjoyed by the parties during the marriage, and other criteria set out in Canakaris. The trial court should also consider that under Canakaris "in limited circumstances [permanent periodic alimony] may be appropriate to balance such inequities as might result from the allocation of income-generating properties acquired during the marriage." 382 So.2d at 1202.
Although we have not found it necessary to reverse the plan of distribution of marital assets, in dissolution of marriage cases the means of apportioning assets and providing support are recognized to be parts of one overall scheme. Canakaris, 382 So.2d 1202. Accordingly, on remand the trial court may exercise its discretion to modify any parts of its original plan for property division and support as may be necessary to do equity and justice between the parties in light of the changes required by this opinion.
Reversed and remanded.
RYDER, C.J., and SCHOONOVER, J., concur.