SCHEB, Acting Chief Judge.
Appellant Courtney E. Toole, the husband, challenges the trial court’s distribution of property in a final judgment of dissolution of marriage. He raises several points on appeal. We find merit only to his contention that the court erred in awarding the wife a special equity in the entire herd of cattle.
In paragraph three of the final judgment of dissolution, the court said:
after hearing the testimony of all parties together with the testimony of various witnesses, the argument of counsel, and being otherwise advised in the premises has determined that the Wife through her personal efforts in the cattle operation, both physical and administrative, has established a special equity in the cow herd, numbering approximately 120 head of heifers, four bulls, plus the calf crop, which the Husband claims to be his. It is therefore ordered that the Wife is by this Order granted a one-half interest in all cattle owned by the parties.
Clearly, by virtue of the wife’s services over and above normal marital duties, the evidence supports a finding of a special equity in the portion of the herd acquired subsequent to the marriage. See Duncan v. Duncan, 379 So.2d 949, 952 (Fla.1980); Ball v. Ball, 335 So.2d 5 (Fla.1976). However, the evidence does not justify the award to the wife of a special equity in the entire herd. The wife conceded that the husband entered the marriage owning a portion of the herd. Yet, there was conflicting evidence as to the actual number of cattle owned by the husband before the marriage, and the trial judge made no finding on this point.
Accordingly, we remand with directions to the trial court to revise paragraph three of the final judgment to reflect that the wife’s special equity applies only to the increase in the herd of cattle occurring subsequent to the parties’ marriage. We find no merit to the other points raised by the husband. Therefore, we affirm the final judgment in all other respects.
HALL and SANDERLIN, JJ., concur.