WARNER, Judge,
concurring specially.
While I concur in the court’s opinion, I would also note that in my opinion the trial court erred in his treatment of a $40,000 gift to the wife by the wife’s parents as a ground for equitable distribution to the wife of a greater share of the parties’ assets. The money was used in the joint purchase of the parties’ prior residence. If such a gift was pled and proven, it establishes a special equity, not an entitlement to a greater share of marital assets on equitable distribution principles.
A contribution to a joint asset from a source unconnected with the marital relationship would establish a special equity in favor of the contributing spouse in that asset. Ball v. Ball, 335 So.2d 5 (Fla.1976). Thus, it would remove part of that property from the marital assets subject to equitable distribution, and in Landay v. Landay, 429 So.2d 1197 (Fla.1983), the supreme court set forth a detailed formula to determine the amount of a spouse’s special equity in jointly held property.
A petition claiming a special equity should set forth ultimate facts entitling the petitioner to that relief. See Rankin v. Colman, 476 So.2d 234 (Fla. 5th DCA 1985). In this case, all petitioner pled was a special equity grounded on her employment during the marriage and her household duties. These would not give rise to a special equity claim. Duncan v. Duncan, 379 So.2d 949 (Fla.1980). No mention was made in the petition of a claim arising from a $40,000 gift, and the husband was not prepared to rebut that claim at trial.
Blurring the concepts of special equity and equitable distribution of marital assets does not assist the litigants in the clear presentation of the issues, the trial court in its determinations, or this court in attempting to review the trial court’s decision based upon established principles of law. To request equitable distribution of marital property, and then establish a greater than equal share to those assets because of a contribution unconnected with the marital relationship without pleading it as such prevents the opposing party from meeting with proof the issue of special equity. I would have reversed the property division on that basis, as well as the basis stated in the majority opinion.