CAMPBELL, Judge.
Appellant, Lloyd S. Cook (Husband), challenges that part of a final judgment of dissolution of marriage that effectively awards his former wife, appellee, Janet B. Cook (Wife), a life estate in the marital home which was jointly owned by the parties and was left in joint ownership after the judgment of dissolution. We reverse.
The parties married in 1951, when Husband was eighteen and Wife seventeen years of age. Neither brought any assets into the marriage. Husband worked his way up through the ranks of Florida Power & Light and was retired at the time of the final hearing. Wife was never gainfully employed outside of the marital home during the course of the marriage. The parties had four children born of the marriage, one of which is deceased and the other three emancipated.
While there were allegations of abuse and misconduct by both parties toward *776 each other, and the trial court specifically found Husband to have engaged in misconduct, none of the misconduct is alleged to have affected the financial status of the parties. The trial court specifically found that the parties had made an equal contribution to the marriage in view of the factors outlined in section 61.075, Florida Statutes (1991). Husband was receiving a net retirement income of $1,174 per month. Wife was awarded as permanent alimony one-half of all Husband’s retirement income. Husband was required to pay substantially all of the debts of the parties and to maintain his life insurance with Wife as beneficiary. Wife was awarded substantially all of the household furnishings and her automobile.
The other two substantial assets of the parties were their Paine Webber investment accounts in the approximate amount of $350,000 and the jointly owned marital home which had been appraised at $340,-000. The parties had at one time received an offer of $369,000 for the marital home. In effecting an equitable distribution of the properties, Wife was awarded one-half of the Paine Webber accounts. Husband sought to have the marital home sold and the net proceeds divided between the parties.
While Wife, in her pretrial compliance, requested that the house be sold, she changed her position at the final hearing and requested that she be awarded the exclusive residential use of the home until she died or remarried. At the time of trial, Wife was fifty-eight years of age and in good health. She and Husband agree that she is not expected to work. She offered no reason that would explain why she should be awarded exclusive possession of the marital home except she “liked” it there and wanted to stay there as long as she desired. When asked if it was necessary that she live there, she replied, “I don’t suppose it’s a necessary at this time.” Regardless of these circumstances, her good health, an award of one-half of all the liquid assets of the marriage and one-half of all Husband’s retirement income, the trial court made the following provision in the final judgment regarding the marital home:
The Wife, after considering her age, this long-term marriage, her inability to obtain employment, and the fact that she had been unemployed substanitally [sic] throughout this long-term marriage, and the fact that the Wife is not physically or mentally able to relocate, the Wife is awarded a lifetime estate exclusively of the former marital residence to enable her to continue residing in the style commensurate with that established by the parties during the marriage. Durin [sic] said exclusive occupancy, the parties are both equally responsible to satisfy the real estate taxes regarding same, as well as any insurance of said marital residence, as well as any major maintenance expenses incurred thereon. When, and if, the Wife voluntarily decides to sell said residence, remarries, or if in the event she predeceases her husband, then the marital residence shall be sold, and the proceeds equally dividied [sic] between the parties.
We consider this provision regarding the marital home an abuse of discretion by the trial judge. Such an award serves no valid special purpose except perhaps to punish Husband for his alleged misconduct and to satisfy the desires of Wife to the severe financial detriment of Husband. Noah v. Noah, 491 So.2d 1124 (Fla.1986); Duncan v. Duncan, 379 So.2d 949 (Fla.1980). While Wife cites to us several cases as exemplified by Anderson v. Anderson, 489 So.2d 1232 (Fla. 1st DCA 1986), this case has none of the special circumstances relied on in Anderson and other cases to support this award of exclusive possession of a marital home to an otherwise well provided for spouse.
We reverse the final judgment only so far as it provides for Wife’s exclusive possession of the marital home. On remand, the trial court shall order the property sold and the net proceeds divided equally between the parties. The sale shall be ordered to take place within one year from the issuance of this court’s mandate unless *777 the parties agree to an otherwise equitable disposition of the property.
RYDER, A.C.J., and LEHAN, J., concur.