FARMER, Judge.
In this dissolution of marriage case, the trial court found that the house occupied during this remarriage, which lasted little more than six months, was wholly owned by him before their first marriage and thus did not constitute marital property. Without giving her a special equity in this house, the trial judge inexplicably gave her the exclusive use and possession of it, subject to her marrying again or their child becoming an adult.[1] We reverse this provision.
It seems clear that granting her the exclusive right to live in the house can be justified only as an element of child support. The •facts show that the combined net monthly income of the parties was $1,956, as to which 59% was attributable to him and 41% to her.[2] The court awarded shared parental responsibility but made her the primary custodial parent and ordered him to pay her $367 in monthly child support.[3] The trial court made no provision for a credit to him for the value of her exclusive use of a house wholly owned by him. We think the trial court erred in this failure.
On remand, if the trial judge continues to believe that the court has the power to require that a noncustodial parent make hous-tag owned entirely by that parent available to the custodial parent,[4] then the court must first determine the value of the use of the house and then give an appropriate credit to the noncustodial parent for this value. The credit must be applied as an offset against any support obligation fixed on the noncustodial parent.[5]
We affirm the trial court’s decision as to all other issues.
REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
GUNTHER, J., and DOWNEY, JAMES C., Senior Judge, concur.

. The child was bom in September 1988, during the first marriage between the parties. The first marriage lasted but two years. In the dissolution of that marriage, he was required to pay her $60 weekly child support. He was found to be the sole owner of the subject house, which he bought before the first marriage and is unencumbered by any lien or mortgage, and it was not included in the marital property.

. Monthly child care costs are $215. Although she was unemployed at the time of trial, the final judgment imputes earning capacity to her of $800 monthly, primarily based on her employment experience as a nurse’s aide earning that much.

. According to section 61.30, Florida Statutes (Supp.1992), the presumptive minimum child support needed for the parties’ only child is $426. Based upon the percent of their combined monthly income attributable to him, his share of the total minimum child support obligation comes to $251.

. In Duncan v. Duncan, 379 So.2d 949 (Fla.1980), the court held that an "award of ‘exclusive possession’ of property subject to disposition in a dissolution proceeding should either be directly connected to the obligation to pay support or be temporarily necessary to prevent reduction in the value of the subject property.” [e.s.] 379 So.2d at 952. Appellant has raised no issue as to whether one spouse’s sole property, as to which the other spouse is given no special equity, constitutes "property subject to disposition in a dissolution proceeding." Because the issue has not itself been raised, apart from the failure to give a credit for the value of the use, we express no opinion on the subject.

. We stress that we are not requiring the trial court to adhere to this novel disposition. Rather, we merely hold that such use of the noncustodial parent's own, non-marital property must necessarily include an express finding as to the value of such use and an appropriate offsetting credit for that value.