PER CURIAM.
Appellant, Hedwig Anderson, the former wife, appeals an order granting , the petition for declaratory relief filed by appellee, Eugene Anderson, the former husband, and declining to award the former wife attorney’s fees. We affirm.
In Anderson v. Anderson, 489 So.2d 1232 (Fla. 1st DCA 1986) {Anderson I), this court reversed the final judgment of dissolution of marriage, directing the trial court to increase the former wife’s award of alimony and to grant her exclusive use and possession of the marital home, “until the wife’s remarriage, death or the sale of the marital home.” Id. at 1234 (emphasis added). The pertinent portion of this court’s prior opinion in this case stated:
An award of exclusive possession of the marital home must be either directly connected to the obligation to pay support or be temporarily necessary to prevent reduction in the value of the subject property. Duncan v. Duncan, 379 So.2d 949, 952 (Fla.1980). The critical question is whether the award is equitable and just given the nature of the case. Id. Here, an award of exclusive possession of the marital home will give the wife a place to live without depleting her assets and will help fulfill the husband’s obligation of support. In an attempt to lessen the great disparity in the financial circumstances of the parties, to provide support and to encourage an award which will provide the wife the ability to maintain a standard of living more in keeping with what she was accustomed to in the marriage, we reverse and remand for an award of exclusive use and possession of the home until the wife’s remarriage, death or the sale of the marital home. If the marital home is sold, the parties will each receive half of the net proceeds. The parties shall continue to each pay half of the mortgage payments and costs which consist of taxes and insurance. Upon the sale of the marital home the husband should receive credit for his half of the mortgage payments, taxes and insurance. Pastore v. Pastore, 480 So.2d 231, 233 (Fla. 1st DCA 1985).
Id. at 1234.
Six years later, the former husband filed his petition seeking declaratory relief and partition of the marital home, asserting that the language quoted above permitted either party to compel sale of the marital home. The trial court declared that the former husband could apply for remodification of the support arrangement and, as part of that proceeding, seek partition.
When we decided Anderson I, this court considered the award of exclusive use and possession of the marital home to be connected to the former husband’s obligation to pay support, considering the former wife’s poor medical condition, nominal earning power, and the absence of other assets, in contrast to the former husband’s stable income and ready employability. Duncan v. Duncan, 379 So.2d 949 (Fla.1980). If this court had concomitantly given the former husband the right to compel the sale of the marital home, the award of exclusive possession would have been meaningless.
To give proper meaning and effect to this court’s mandate, our former opinion in Anderson I must be read in its entirety. Such a reading compels a construction of the phrase “until the wife’s remarriage, death or sale of the marital home” to mean that the former wife has exclusive use and possession of the marital home until such time as she dies, remarries or sells the home. These are specified rather than indefinite time periods within the lifetime of the former wife, much like the periods in the award the supreme court approved in Weisfeld v. Weisfeld, 545 So.2d 1341 (Fla.1989) (award of exclusive use and possession until former husband died, remarried or cohabited with a female). Thus, in addition to termination of exclusive use upon the former wife’s death or remarriage, the opinion also contemplated that the property could be sold in the future with the proceeds divided as required by law. Nothing stated in the opinion explicitly restricts the power of the trial court to review the former wife’s exclusive use of the marital home, or establishes any time limit for sale, *1123 or delineates who can decide that a sale of the property is appropriate.
We reject the former wife’s contention that Anderson I means that she is entitled to enjoy exclusive occupancy until she dies, remarries, or she alone decides to sell the property. The court’s award of exclusive use and possession to the former wife continues to be subject to modification upon a showing by the former husband of a substantial change of circumstances. Id. at 1847 (quoting Duncan, 379 So.2d at 952).
In Duncan v. Duncan, 379 So.2d 949 (Fla. 1980), the supreme court stated in respect to the concept of exclusive possession:
The award of “exclusive possession” of property subject to disposition in a dissolution proceeding should either be directly connected to the obligation to pay support or be temporarily necessary to prevent reduction in the value of the subject property. The critical question is whether the award is equitable and just given the nature of the case. A grant of exclusive possession of property to one of the parties in a final judgment must serve a special purpose. See, e.g., McDonald v. McDonald, 368 So.2d 1283 (Fla.1979) (a form of rehabilitative alimony for a spouse demonstrating a need); George v. George, 360 So.2d 1107 (Fla. 3d DCA 1978) (aid to a child who had reached majority but who had a debilitating muscular disorder); Lange v. Lange, 357 So.2d 1035 (Fla. 4th DCA 1978) (aid to a spouse with mental problems); and Richardson v. Richardson, 315 So.2d 513 (Fla. 4th DCA 1975) (aid to a spouse with custody of minors). In each of these instances, the exclusive possession is actually a facet of support and is clearly warranted because of the equity of .the cause. We can foresee the need to grant temporary exclusive possession of a family business in order to ensure income for support and to avoid an immediate substantial reduction in value.
[[Image here]]
An award of exclusive use of property must be determined by the equity of the cause and should be for a specified period. It is always subject to modification whenever there is a change of circumstances.
379 So.2d at 952. It is manifest from this discussion that an award of the exclusive use of marital property to one spouse as a means of providing support must be for a “specified” period and must remain subject to periodic review by the trial court making the award.
In the present case, the trial court did nothing more than recognize that it has the power and the duty to periodically reevaluate an award of exclusive possession to determine whether the equities require its continuance. The trial court’s order under review did not alter the award of exclusive possession in any respect; it merely declared that the former husband could apply for modification of this support arrangement and, in connection therewith, could seek partition and sale of the property. We therefore affirm that decision in all respects.
Appellant also claims the trial court erred in failing to award her attorney’s fees, which she sought in her answer to appellee’s petition. Appellant, however, neither filed a financial affidavit pursuant to Florida Rule of Civil Procedure 1.611, nor submitted any evidence of need to the trial court. See Williamson v. Williamson, 335 So.2d 346 (Fla. 1st DCA 1976); Lyons v. Lyons, 486 So.2d 77 (Fla. 2d DCA 1986); Seinfeld v. Seinfeld, 363 So.2d 19 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 471 (Fla.1979). Accordingly, we conclude that she waived her opportunity to seek fees, and therefore affirm the omission of such award in the final order. See Estes v. Estes, 373 So.2d 965 (Fla. 1st DCA 1979).
AFFIRMED.
ZEHMER, C.J., ERVIN, J„ and SMITH, LARRY G., Senior Judge, concur.