PER CURIAM.
In this dissolution proceeding the appellant has failed to show that the periodic alimony and child support awards were beyond the ambit of judicial discretion. However, appellant’s third point has merit and requires a modification of the judgment.
About two weeks before the parties separated, certain steel buildings were purchased for $19,000 and put in the name of the appellant. Pursuant to the rationale of Toby v. Toby, 280 So.2d 523 (Fla. 3d DCA 1973), and on the premise that the purchase money came from a joint account, the court determined that the appellee was entitled to be reimbursed for one-half the cost of the buildings. Yet, the record only shows that $3,400 of the purchase price came from joint funds. Therefore, the appellee’s equitable lien against these buildings must be reduced from $9,500 to $1,700.
The judgment is affirmed as modified herein.
McNULTY, Acting C. J., and GRIMES and OTT, JJ., concur.