SHIVERS, Judge.
Appellant husband seeks review of the trial court’s denial of husband’s claim of special equity in the marital home.
The marriage was of short duration. The parties were married to each other on August 9, 1975, the petition for dissolution was filed on September 2, 1978, final judgment being entered on November 30, 1978. There were no children and both parties were employed during the marriage.
The marital home was jointly titled. The husband contributed a total of $18,840 *1118 from sources and separate funds clearly outside the marriage of consisting of $16,-000 from his life savings accumulated prior to this marriage, $1,400 from the settlement of husband’s March 1975 accident, and $1,440 from estate of husband’s mother, who died before the marriage. The $1,400 and the $1,440 had been placed in a joint account with the wife. The wife contributed a total of $1,302.50 from sources clearly unconnected with the marriage. Both parties contributed further to the house by their financial contributions from sources connected with the marriage or earned during the marriage. Both made physical contributions of labor to the house.
We hold that a special equity of $18,840 in favor of the husband was created in the marital home property and that a special equity of $1,302.50 in favor of the wife was created in the marital home, and that the parties are entitled to share equally in the remaining equity of the house.
The record does not contain competent substantial evidence of donative intent on the part of the husband sufficient to negate the special equity inuring to the husband. Ball v. Ball, 335 So.2d 5 (Fla.1976), Merrill v. Merrill, 357 So.2d 792 (Fla. 1st DCA 1978), Malkemes v. Malkemes, 357 So.2d 223 (Fla. 2nd DCA 1978), Bickerstaff v. Bickerstaff, 358 So.2d 590 (Fla. 1st DCA 1978).
As we stated in Merrill at 793:
“. . . We cannot read Ball v. Ball, 335 So.2d 5, 7 (Fla.1976), as holding that a word or two of testimony by the recipient spouse, to the effect that the other intended a gift, obliterates the special equity resulting from an unrebutted showing that the grantor spouse acquired the property from sources entirely independent of the marriage. . . . ”
That part of the final judgment inconsistent herewith is reversed and this cause remanded for further proceedings consistent herewith.
MILLS, C. J., concurs.
ROBERT P. SMITH, Jr., J., dissents.