375 So.2d 1119 (1979)
Leroy FIEDLER, Appellant,
v.
Alice H. FIEDLER, Appellee.
No. 79-727.
District Court of Appeal of Florida, Second District.
September 28, 1979.
Rehearing Denied October 18, 1979.
Robert Jackson McGill of McGill, Dulmer & Tracy, Venice, for appellant.
Dick Lee of Lee & Surfus, Sarasota, for appellee.
*1120 GRIMES, Chief Judge.
In the course of dissolving the parties' thirty-six year marriage, the court awarded the husband's interest in the marital domicile to the wife as lump sum alimony and awarded her a special equity in his interest in a vacant lot in Vero Beach. The husband asserts that he is entitled to an undivided one-half interest in these properties since title to both was held as tenants by the entireties. There is no cross-appeal from the denial of the wife's claim for periodic alimony.
The parties have retired. Despite the fact that both the wife's income and her assets slightly exceed that of her husband, we believe that it was within the court's discretion to award the wife the husband's interest in the marital home. Testimony concerning the wife's bad health made a sufficient showing of necessity for lump sum alimony to meet the test of Cummings v. Cummings, 330 So.2d 134 (Fla. 1976).
On the other hand, we think the court erred in awarding the wife a special equity in the husband's interest in the Vero Beach lot. It is true that the wife paid for the lot, but this was from income she had earned during the marriage. In Ball v. Ball, 335 So.2d 5 (Fla. 1976), the supreme court noted that a spouse could obtain a special equity in real estate held as tenants by the entireties by making an unrebutted showing that all the consideration for the property had been supplied by that spouse from a source clearly unconnected with the marital relationship. By way of footnote the court said that ordinarily a special equity would not arise where the property was acquired with funds generated by a working spouse while the other spouse performed normal household and child-rearing responsibilities. We do not read this footnote to mean that where both husband and wife work and the wife pays for the property while the husband's earnings go to the support of the family, the wife's contribution should be deemed unconnected with the marital relationship. Thus, we hold that in this case even though the wife paid for the lot, her contribution was not so extraordinary when viewed in light of all the evidence as to meet the traditional criteria for the award of a special equity. Cf. Green v. Green, 228 So.2d 112 (Fla. 3d DCA 1969), which represents a good example of a case which cried out for the imposition of a special equity.
We reverse the award of a special equity in the husband's interest in the Vero Beach lot, but in all other respects, we affirm the final judgment.
SCHEB and OTT, JJ., concur.