383 So.2d 981 (1980)
Carl Louis HOLBROOK, Appellant,
v.
Laverne T. HOLBROOK, Appellee.
No. 79-107.
District Court of Appeal of Florida, Fourth District.
May 28, 1980.
*982 F. Shields McManus of McManus, Stewart & Ferraro, P.A., Stuart, for appellant.
William R. Scott, Stuart, for appellee.
DOWNEY, Judge.
This case involves an appeal by the husband from a final judgment of dissolution in which the trial court granted the wife a special equity in several parcels of jointly held realty. The appellant contends the trial court erred in finding the wife had a special equity in the several parcels of property, or alternatively in not finding the wife had made a gift to the husband of her contribution to the purchase of said properties.
The parties were married for fourteen years and both worked throughout the marriage. The husband was a grove foreman with an income which ranged from $6,800 in 1964 to $14,418 in 1977. In the earlier years of the marriage the wife held a variety of jobs. However, in 1968 she became a real estate broker. In 1968 she earned approximately $17,000 and in 1977 her earnings reached approximately $23,500.
Throughout the marriage the wife handled the finances of the parties. The husband's salary and the wife's income from her brokerage business all went into a joint account from which the parties jointly acquired numerous pieces of property for investment purposes. The wife testified that the bulk of the money used to purchase these properties came from her income as a real estate broker.
In the final judgment of dissolution the court awarded the wife, as a special equity, the full title to four parcels of property, which had been jointly owned by the parties. In addition, the wife was awarded a special equity of $1,950 in the 20 acres of jointly held property.
There does not appear any genuine dispute that the wife's contribution to the family commonweal was greater than the husband's. Furthermore, it appears that it was her business acumen which enabled them to accumulate their joint estate. However, during the marriage both worked; both contributed their income to their living expenses and the purchase of the properties in question. Clearly the wife's contribution to the purchase of these properties was not from a source unconnected with the marital relationship. Nor can the wife's contribution be characterized as extraordinary in terms of services performed beyond the normal marital duties and obligations. The Florida Supreme Court recently reaffirmed this principle in Duncan v. Duncan, 379 So.2d 949 (1980) wherein it was stated:
A special equity in property held as tenants by the entirety will not arise when the property is acquired from funds generated by a working spouse while the other spouse performed normal household and child-rearing responsibilities. 379 So.2d at 952.
Thus, the fact that the husband and wife's earnings were not in parity does not mean that the higher wage earner has made an extraordinary contribution toward the purchase of the property. Therefore, under the rule laid down in Ball v. Ball, 335 So.2d 5 (Fla. 1976), and Duncan v. Duncan, supra, the wife was not entitled to a special equity in those properties. In Fiedler v. Fiedler, 375 So.2d 1119 (Fla. 2d DCA 1979), the *983 Second District Court of Appeal, applying the Ball rule said:
On the other hand, we think the court erred in awarding the wife a special equity in the husband's interest in the Vero Beach lot. It is true that the wife paid for the lot, but this was from income she had earned during the marriage. In Ball v. Ball, 335 So.2d 5 (Fla. 1976), the supreme court noted that a spouse could obtain a special equity in real estate held as tenants by the entireties by making an unrebutted showing that all the consideration for the property had been supplied by that spouse from a source clearly unconnected with the marital relationship. By way of footnote the court said that ordinarily a special equity would not arise where the property was acquired with funds generated by a working spouse while the other spouse performed normal household and child-rearing responsibilities. We do not read this footnote to mean that where both husband and wife work and the wife pays for the property while the husband's earnings go to the support of the family, the wife's contribution should be deemed unconnected with the marital relationship. Thus, we hold that in this case even though the wife paid for the lot, her contribution was not so extraordinary when viewed in light of all the evidence as to meet the traditional criteria for the award of a special equity. 375 So.2d at 1120.
Assuming for the sake of argument that the wife's share of the properties' purchase price was derived from either an extraordinary contribution or from a source unconnected with the marital relationship, the evidence demonstrates she made a gift thereof to the husband. The following colloquy we believe shows the parties intended everything to be joint, as the wife put it, "till death we do part":
"Q. I noticed that this is titled jointly in both your name and your husband's. Can you tell the Court why that was done?
A. Well, all property that we bought that was put in jointly. And you figure when you get married it's going to be till death we do part, but it didn't happen this way. So, it would save a lot  wouldn't have to probate any of the real estate if I'd have died first or he would have died. Would have saved a lot of probate there on the property.
* * * * * *
Q. And when these properties were purchased, you meant them to be yours and Mr. Holbrook's; isn't that correct?
A. That's what I said before. I thought this thing would never happen.
Q. And if you had stayed together, the house would continue to be both of yours; is that true?
A. As long as we was together till death do we part, it would still be that way."
In view of the foregoing the final judgment appealed from is reversed and the cause is remanded with directions to vacate the provisions of ¶ 2(a) and (b) of the judgment and in place thereof to provide that the properties represented by Exhibits 1 through 6 shall be held by the parties as tenants in common. In all other respects the final judgment shall remain in full force and effect.
REVERSED IN PART; AFFIRMED IN PART, with directions.
LETTS, C.J., and MOORE, J., concur.