400 So.2d 43 (1981)
Barbara J. LANDAY, Appellant,
v.
Sumner LANDAY, Appellee.
No. 80-523.
District Court of Appeal of Florida, Second District.
May 22, 1981.
Rehearing Denied June 25, 1981.
*44 Robert L. McDonald, Jr., Tampa, for appellant.
Wayne O. Smith of Wallace, Smith & Finck, P.A., St. Petersburg, for appellee.
PER CURIAM.
Where one marriage partner contributes funds from a source unconnected with the marriage to payment of some but not all of the consideration for property acquired by the parties as a tenancy by the entireties, does a special equity arise in favor of the contributing spouse and, if so, to what extent? We take the opportunity in this case to state a definite answer to that troublesome and recurring question.
In the case before us the parties purchased a home for approximately $15,700.00 and acquired title by the entireties. The wife made the down payment of $6,486.57 from funds which she brought to the marriage and which were clearly unconnected with the marital relationship. The husband did not dispute the fact of the wife's contribution nor did he present rebuttal evidence that the wife intended to make a gift to him when she contributed the down payment. The husband's rebuttal evidence consisted of his testimony that he made some of the mortgage payments on the property and made repairs and improvements on the property, using his own money and labor. The husband's evidence was insufficient as a matter of law to establish a special equity on his part. Ingram v. Ingram, 379 So.2d 955 (Fla. 1980).
The wife's contribution, therefore, stands unrebutted. She asserts that under such circumstances, the trial judge erred in failing to declare that the wife has a special equity in the property in question. We agree, and reverse.
We are aware that in Ball v. Ball, 335 So.2d 5 (Fla. 1976), our supreme court stated the rule to be that a special equity is created by an unrebutted showing that all of the consideration (emphasis ours) for real property held as tenants by the entireties was supplied by one spouse from a source clearly unconnected with the marital relationship. This court, in Smith v. Smith, 382 So.2d 1242 (Fla.2d DCA 1980), seemed to interpret the rule in Ball v. Ball to mean that where a contributing spouse furnishes less than all of the consideration, no special equity arises. We do not believe this to be an accurate interpretation of Ball v. Ball, and, therefore, recede from our holding in Smith v. Smith to the extent that it indicates otherwise.
But if a special equity in entireties property arises in favor of a spouse contributing less than all of the consideration, how is the special equity to be measured? Should the wife in the instant case have:
1. One hundred per cent of the property; that is, all of the husband's one-half *45 interest? That result would follow from Malkemes v. Malkemes, 357 So.2d 223 (Fla.2d DCA 1978), because that case took into consideration only the contribution to the down payment.
2. A vested interest to the extent of her contribution; that is $6,486.57? That result is suggest by Abbott v. Abbott, 297 So.2d 608 (Fla.2d DCA 1974).
3. A percentage interest in the property equal to the ratio of the cash down payment she made to the entire purchase price of the property with the remainder of the property shared equally with the husband?
We believe the third option is the appropriate choice, and hold that a spouse who furnishes some but not all of the consideration for entireties property acquires a special equity or vested interest in the property equal to the ratio which his or her contribution bears to the entire consideration. That share is in addition to the contributing spouse's 50% interest in the remainder of the property.[1] We recede from Abbott v. Abbott and Malkemes v. Malkemes to the extent that they indicate otherwise. We reverse the final judgment in the case before us as to that portion denying the wife's special equity claim, with directions that a judgment be entered declaring that the wife's interest in the property in question is 41% plus one-half of 59%, or a total of 70.5%.
The final judgment in this case also directed that personal property of the parties, consisting of furniture, furnishings and fixtures in the marital home, shall be partitioned. The parties neither requested nor agreed that there be a partition of personal property. In the absence of appropriate pleadings or an agreement of the parties, the trial judge is without authority to declare a partition of personal property. Banfi v. Banfi, 123 So.2d 52 (Fla.3d DCA 1960); Rankin v. Rankin, 258 So.2d 489 (Fla.2d DCA 1972).
We reverse the final judgment also as to that portion directing a partition of personal property.
REVERSED and REMANDED with directions.
SCHEB, C.J., and RYDER, J., concur.
DANAHY, J., concurs in part and dissents in part.
DANAHY, Judge, concurring in part and dissenting in part.
The problem presented in the instant case deserves resolution and I concur with the majority opinion's treatment of the question in all respects save one. I disagree with the formula chosen by the majority to measure a contributing spouse's special equity in property held as a tenancy by the entireties, where the amount of the contribution is less than all of the consideration for the property. I would have chosen a formula which produces the same percentage interest as the formula chosen by the majority, but is expressed in terms more consistent with the special equity concept and the rules of law which define each spouse's interest in property held by the entireties.
In Ball v. Ball, 335 So.2d 5 (Fla. 1976), the supreme court pointed out that we must start with the premise that where property is held as a tenancy by the entireties, record title speaks for itself and bespeaks an equal division. Therefore, the wife in the instant case already has a 50% interest in the property and it is incongruous to say that she has a 41% interest in the property as a special equity.
A special equity established by one spouse is a vested interest carved from the other spouse's interest in the property (which would be the entire property if the other spouse's interest is 100% ownership). Therefore, it seems to me that a formula for the measurement of a special equity must be expressed in those terms; that is, a percentage vested interest taken from the *46 other spouse's share of the property. This means that where the property is held as a tenancy by the entireties, so that each spouse already has a 50% share, a special equity established by one spouse must be expressed as an interest in addition to that spouse's existing 50% interest.
Furthermore, I feel that the contributing spouse should receive back the amount of his or her contribution if the property depreciates in value, before the noncontributing spouse receives any share. If this is not the case, then the contributing spouse will have made a gift of a part of the contribution to the other spouse. That result would conflict with the underlying premise that a special equity arises because no gift is intended.
Therefore, I would hold that a spouse who furnishes some but not all of the consideration for entireties property acquires, as an addition to the spouse's one-half share, a special equity or vested interest in the property equal to one-half the ratio which his or her contribution bears to the entire consideration, or one-half the dollar amount of the contribution, whichever is greater. That formula would produce the same percentage interest as does the formula chosen by the majority and would avoid any unintended gift consequences.
NOTES
[1] This rule would apply as well to a situation in which both spouses contribute some but not all of the consideration from sources outside the marriage, as in the Malkemes case. The rule expressed here, however, differs from the formula applied in Malkemes, which determined the percentage interests of the spouses by the ratio of each one's contribution to the total contribution of both (the cash down payment).