ON PETITION FOR REHEARING
ROBERT P. SMITH, Jr., Chief Judge.
Donald Braddoek’s petition for rehearing calls attention to the decision of the Second District Court of Appeal in Landay v. Landay, 400 So.2d 43 (Fla. 2d DCA 1981) and asks that we recognize that our affirmance of the chancellor’s judgment in this case is inconsistent with Landay’s holding that
a spouse who furnishes some but not all of the consideration for entireties property acquires a special equity or vested interest in the property equal to the ratio which his or her contribution bears to the entire consideration.
In the case before us the chancellor awarded the appellant husband a special equity in the homeplace in the amount of $4,453.98, the precise amount of the cash payments he made for a down payment on the house just before and just after the marriage. The chancellor declined to award the husband a greater equity based on its proportion of the whole at the time the marriage home was bought.
We affirmed the chancellor’s decision because it seemed to us that his well-reasoned order comprehensively addressed the money issues and did so without apparent error. While a Landay-type adjustment in equities may well be appropriate in some cases, we decline to order such nice calculations in every case, preferring to leave those issues principally in the hands of the judge whose task it is to determine the special equity issues in the context of all others arising out of a marriage dissolution. The chancel *996 lor’s order in this case illustrates the complexity and, perhaps, the futility of deciding these issues wholly as a mechanical or arithmetical exercise. The chancellor wrote:
Each of the parties has claimed a special equity in and to the marital home over and above the interest held pursuant to the deed. The husband’s claim is based upon his contribution of monies towards the purchase, improvement and maintenance of the home from funds he alleged were owned by him prior to and unconnected to the marriage of the parties. The wife claims a special equity in the marital home based upon her extraordinary contributions of services, labor and industry performed by her on the marital home.
The husband testified that prior to the marriage of the parties he anticipated the amount of funds it would take to repair the home and he “earmarked” his premarital funds with regard to such purpose. The husband was unable to produce any substantial documentary evidence corroborating that testimony. He testified that he maintains certain monies in his sole and separate savings account prior to the marriage which he “earmarked” for repairs and improvements to the home. The husband did not produce any records of the savings account at the trial of this cause. The wife contradicted the husband’s testimony. The wife testified the husband repeatedly advised the wife during the marriage that the parties would live on his income as a lawyer. All repairs or improvements to the home would be made from his income. The Court finds the wife’s testimony to be more believable with regard to this issue. Additionally, the Court is aware from the documents introduced into evidence that many of the repairs and improvements made to the home were commenced some several years after the parties married. The husband told the wife on numerous occasions that improvements and remodeling of the marital home would have to wait because no funds were available. This contradicted the husband’s testimony that he had “earmarked” and set aside funds for repairs, improvements and remodeling. If the husband had these funds available, why didn’t he use them when they were needed?
The husband mixed and commingled the funds he acquired prior to the marriage with the income he earned during the marriage. The husband could not distinguish or separate the funds acquired prior to the marriage from the funds acquired or earned during the marriage. The husband was unable to prove his claim that substantial sums of monies were invested in the home from sources clearly unconnected to the marital relationship. The husband’s testimony with regard to this issue was clearly and sufficiently rebutted by the testimony of the wife.
The wife testified that she contributed substantial time and efforts in making drapes, painting, wallpapering and other activities which improved the marital home. The Court finds that these activities were not of an extraordinary nature. However, the wife also made substantial contributions in drafting plans for the remodeling of the home, meeting with architects and builders. The wife also obtained prices from various merchants with regards to the remodeling costs.
The Court finds the husband is entitled to a special equity in the following amounts:
a. $1,000.00 for the binder payment made by the husband prior to the marriage of the parties.
b. $3,453.98 paid by the husband at the time of the closing from his sole funds.
The Court finds neither party is entitled to any additional special equity.

Except for the sum of Four Thousand Four Hundred Fifty-three and 98/100 ($4,453.98) Dollars paid by the husband as mentioned hereinabove, neither party has established by the greater weight of the evidence a special equity in the marital home. There was no unrebutted or persuasive showing by the husband that the *997 monies expended by the husband on the marital home were from a source clearly unconnected to the marital relationship. It appeared to the Court that most of the funds claimed by the husband as a special equity were generated from his earnings as a lawyer during the marriage while his wife was performing normal household and child-rearing duties. The wife did not establish any extraordinary contributions of labors of services towards the acquisition or maintenance of the marital home. This home was purchased, maintained and remodeled by the joint efforts of the parties working together as a team.
The petition for rehearing is DENIED.
LARRY G. SMITH and JOANOS, JJ., concur.