PER CURIAM.
The wife appeals from a final judgment of dissolution of marriage.
Measured by the criteria enunciated in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), we conclude that the permanent alimony award of $800.00 per month was unreasonable, and reverse and remand for an increase in this amount. Colucci v. Colucci, 392 So.2d 577 (Fla.3d DCA 1980); Gerber v. Gerber, 392 So.2d 317 (Fla. 4th DCA 1980). We also find that the court below erred in failing to grant the wife a special equity in the San Francisco and Massachusetts bonds which the court found were purchased, in part, with separate funds of the wife. Duncan v. Duncan, 379 So.2d 949 (Fla.1980); Ball v. Ball, 335 So.2d 5 (Fla.1976); Leonard v. Leonard, 389 So.2d 256 (Fla.3d DCA 1980). Finally, the division of marital property is reversed and remanded for further consideration of the wife’s property rights, which may require an award of lump sum alimony to equitably compensate the wife for her contribution to the marriage. Canakaris v. Canakaris, supra; Colucci v. Colucci, supra. In all other respects the judgment appealed is affirmed.
Affirmed in part; reversed in part, and remanded with directions.