427 So.2d 350 (1983)
Virginia McCLUNG, Appellant,
v.
Frank McCLUNG, Appellee.
No. 82-78.
District Court of Appeal of Florida, Fifth District.
March 2, 1983.
Theresa A. Reth of Shear, Newman & Hahn, P.A., Tampa, for appellant.
Frank McClung, pro se.
COWART, Judge.
When property has been acquired partially with funds that constituted the separate property of one spouse and partially with funds that constituted marital property, and there has been no intra-spousal gift of any interest in the separate property, upon dissolution is the owner of the separate property entitled to a "special equity" in the property? If so, is such special equity representing the separate property recoverable in the form of an equitable percentage *351 property right in the property or as a lien interest in the amount, or value, of the separate property originally contributed?
During their second marriage the parties accumulated, among other property, a parcel known as the Keys Property, a marital home and an Airstream trailer. The Keys property was originally acquired for a total of $86,513.76, of which sum $70,163.76, or 81 percent, constituted a gift to appellee from his mother and the remaining $16,350, or 19 percent, came from appellee's professional earnings during the marriage. The marital home was originally acquired for a total of $30,000 of which sum $21,310.71, or 71 percent, constituted a gift to appellee from his mother and the remaining $8,689.29, or 29 percent, came from appellee's earnings during the marriage. The Airstream trailer cost $9,000 of which appellee's mother made him a gift of $2,000, or 22 percent, and the balance of $7,000, or 78 percent, came from appellee's earnings during the marriage.
At the time of dissolution the Keys property was valued at $106,000 and as special equity and ownership the trial court awarded its ownership 81 percent to appellee and 19 percent to appellant. The marital home valued at $91,500 at the time of dissolution was awarded 71 percent to appellee and 29 percent to appellant. The Airstream trailer valued at $5,000 was divided 61 percent to appellee and 39 percent to appellant. Appellant challenges the division of this property as well as other aspects of the dissolution.
The landmark case of Ball v. Ball, 335 So.2d 5 (Fla. 1976), held that "a special equity is created by a unrebutted showing ... that all of the consideration for property held as tenants by the entireties was supplied by one spouse from a source clearly unconnected with the marital relationship." Id. at 7. It is important to note that the property in Ball was totally acquired with funds derived from outside the marriage; thus, Ball only held that, notwithstanding that property had been placed in the joint names of husband and wife, if all of the consideration used to acquire it was the separate property of one spouse, then upon dissolution that spouse could recover the whole title to the property if no gift was established. Ball does not relate to the two questions in this case. To date this court has not clearly addressed the issue of whether a spouse is entitled to a partial special equity in property which was acquired partially with funds constituting the separate property of a spouse and partially with the funds acquired during the marital relationship when there is no valid gift by the owner of the separate property to the other spouse of any interest in the separate property by virtue of combining it with marital property to acquire some other item of property. In Sudholt v. Sudholt, 389 So.2d 301 (Fla. 5th DCA 1980), none of the consideration for the acquisition of the home came from funds clearly unconnected with the marital relationship. In Hedden v. Hedden, 402 So.2d 536 (Fla. 5th DCA 1981), there was no proof that the money that came from the wife's mother was a gift to the wife solely and there was contradictory evidence that it was in fact a gift to both parties. In West v. West, 399 So.2d 428 (Fla. 5th DCA 1981), this court reversed the trial court's denial of a special equity award to the husband of the wife's interest in the jointly owned marital home where the $30,000 purchase price for the home came from funds that were clearly the husband's separate property. In reversing, this court noted that the husband was at least entitled to receive his $30,000 back. Id. at 431. All of the other district courts of appeal have either expressly or impliedly recognized and adopted an award of a partial special equity.[1] We now hold likewise that when the separate property, or funds constituting separate property, of one spouse is combined with marital property, or funds constituting marital property, and both are used to acquire other property, under circumstances *352 where there is no gift from the owner of the separate property to the other spouse, upon dissolution the owner of the separate property is entitled to a "special equity" representing a return of the separate property.
The next question is whether such special equity representing ungifted separate property is effectuated by treating it as a lien interest and returning the amount or value of the original contribution of separate property or by treating it as a capital contribution and recognizing it as an equitable property right and as a percentage of the value of the acquired property equal to the ratio that the separate property contributed was to the original total acquisition cost. The first method could be considered a "lien theory." Under this theory, the spouse recovering the separate property as a special equity is awarded a specific dollar amount equal to the funds originally contributed from separate property and is given a "lien" for that amount against the property; the remaining value or equity in the property constitutes marital property and is subject to equitable distribution[2] between the parties. The First and Fourth District Courts of Appeal have used this approach.[3] The second method of allocating a partial special equity recognizes it as an equitable property right and could be considered an "equitable percentage theory." Under this theory, the spouse owning the separate property is awarded a special equitable property interest in the property in the form of a percentage of the title equal to the ratio which the original contribution of separate property bore to the original total acquisition cost; again the remaining equity or value of the property is considered marital property and subject to equitable distribution. The Second District Court has used this method.[4] We have not found where the Third District Court of Appeal has clearly adopted either view.[5]
The "award" of a special equity under either theory should not constitute a taxable event as there is in substance no transfer of ownership but merely a recognition and restoration of the separate ownership by one spouse of a separate property interest that may have latently become commingled, but which never was transferred by gift or otherwise from the original owner. While both theories have merit, we believe the equitable percentage property right theory as used by the trial judge in this case is the better view and we hereby approve and affirm the trial court's award of a partial special equity as a property right in this case. We do note that while the trial court awarded the husband a special equity as a percent property right equal to the husband's separate property acquired as a gift from his mother the trial court apparently *353 did not attempt to make an equitable distribution of the remaining marital property interest in such property between the husband and the wife. However the husband did not appeal or contend this point and indicated during oral argument satisfaction with the division made by the trial court.
The property in this case was titled jointly in the names of both parties. However this fact is immaterial and the result would be the same if the property or any of it had been titled in the name of either party alone because the trial court found no gift was intended (by placing in joint names property acquired in part with the separate property of one party) and in the process of sorting out separate property (to be returned to the separate owner as a special equity) from marital property (which may be subject to an equitable distribution between the parties) the trial court must look to the substance, that is, the source of the funds used to acquire the asset, rather than the form in which the legal title was taken and held.
Considering the broad discretion allowed the trial judge as to such matters under Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1981), we affirm the trial court's award to the wife of rehabilitative alimony rather than permanent periodic alimony.
AFFIRMED.
FRANK D. UPCHURCH and SHARP, JJ., concur.
NOTES
[1] See, e.g., Dancu v. Alexander, 421 So.2d 819 (Fla. 4th DCA 1982); Braddock v. Braddock, 405 So.2d 995 (Fla. 1st DCA 1981); Lewis v. Lewis, 402 So.2d 1306 (Fla. 3d DCA 1981); Landay v. Landay, 400 So.2d 43 (Fla. 2d DCA 1981); Evers v. Evers, 374 So.2d 1117 (Fla. 1st DCA 1979); Tichenor v. Tichenor, 342 So.2d 845 (Fla. 2d DCA 1977).
[2] It is interesting to note that in this exact context, after provision for a "special equity" representing the separate property aspect, the courts have equally divided the remaining equity. Whether this is because the legal title was held jointly or because the court was making an equal division as a Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1981) "equitable distribution" of the remaining equity because it was "marital property" is not made clear.
[3] See, e.g., Dancu v. Alexander, 421 So.2d 819 (Fla. 4th DCA 1982) (where husband made down payment from funds from outside the marriage, and subsequent to separation paid all mortgage payments and taxes, trial court erred in not awarding husband a special equity giving due consideration to these factors); Braddock v. Braddock, 405 So.2d 995 (Fla. 1st DCA 1981) (husband awarded a special equity equal to the amount he initially contributed, the remainder being jointly owned); Evers v. Evers, 374 So.2d 1117 (Fla. 1st DCA 1979) (husband and wife each awarded a separate special equity in an amount equal to their respective initial contributions to the purchase price with the remaining equity in the property equally divided).
[4] See, e.g., Landay v. Landay, 400 So.2d 43 (Fla. 2d DCA 1981) (where wife made the down payment on property from funds which she brought into the marriage and which were clearly unconnected with the marital relationship, the wife should be awarded a special equity such that the wife's total interest in the property would equal to whatever percentage the down payment related to the purchase price plus one-half of the remainder).
[5] See, e.g., Lewis v. Lewis, 402 So.2d 1306 (Fla. 3d DCA 1981) (trial court erred in failing to grant wife a special equity in bonds which were purchased, in part, with the wife's separate funds).