PER CURIAM.
The appealed partition sale order directed the sale as one unit of eleven parcels of land, title to which is held by five owners. Three of the owners, James R. Lee, Laura Lee Hill and O.N.L., Inc., each have the exact same fractional interest in each parcel and their interests total one-half. The other half interest is owned by appellant Robert Lee and Hildred Lee. Robert and Hildred are husband and wife but their interests are not equal or the same as to every parcel. In five parcels Robert individually owns an undivided one-third interest and Robert and Hildred jointly own a one-sixth interest. In three parcels Robert and Hildred jointly own an undividied one-half interest. In the remaining three parcels Robert individually owns a one-half interest and Hildred has no interest. Some of the parcels are citrus groves and are contiguous, other grove parcels are not contiguous, while still other parcels are drainage canals that serve the grove parcels.
The problem is that in order for the partition sale proceeds to be divided between Robert and Hildred exactly in accordance with the individual or joint interest of each, the eleven parcels must be sold separately or at least in three sales grouped five parcels, three parcels and three parcels in accordance with the three different ways Robert and Hildred hold interests. On the other hand the other three owners argue that separate sales may force bidders on the grove parcels to pay exorbitant prices for the canal parcels which may stifle bidding on the grove parcels to the detriment of nonpurchasing owners.
The trial court ordered all parcels to be sold as one unit and one-half of the proceeds to be distributed jointly to Robert and Hildred.
This solution and the order of sale awards Hildred an interest in property rights owned by Robert individually and fails to recognize that under Article X, section 5 of the Florida Constitution, section 708.08 Florida Statutes (1981), and case law, see Palumbo v. Palumbo, 439 So.2d 232 (Fla. 5th DCA 1983); McClung v. McClung, 427 So.2d 350 (Fla. 5th DCA 1983); Holland v. Holland, 406 So.2d 496 (Fla. 5th DCA 1981); Hughes v. Russell, 391 So.2d 256 (Fla. 4th DCA 1980), married men and married women can own, hold, control, dispose of or encumber separate property without the consent or joinder of a spouse and without a spouse having any right, title or interest in such separate property. Accordingly, the order of sale is erroneous and is reversed and the cause is remanded with directions that the trial court direct the distribution of sale proceeds in accordance with the respective interest of each party.
REVERSED AND REMANDED with directions.
ORFINGER, C.J., and DAUKSCH, J., concur.
COWART, J., concurs specially with opinion.