453 So.2d 535 (1984)
Carol Sue WALLACE, Appellant,
v.
Delbert Ray WALLACE, Appellee.
No. 83-1409.
District Court of Appeal of Florida, Fifth District.
August 2, 1984.
Salvatore R. Scarito, Orlando, for appellant.
Nancy Y. Smith, of Brinson, Smith, Heller & Smith, P.A., Kissimmee, for appellee.
COBB, Chief Judge.
The wife, Carol Sue Wallace, appeals from a final judgment of dissolution entered in September, 1983, which awarded her one-half interest in the parties' marital domicile to her husband, Delbert Ray Wallace, on the basis that he had established a special equity therein. The Wallaces married in 1976 and purchased a home in Kissimmee, Florida, in 1978 for $55,000.00 with a $5,000.00 down payment derived solely from separate assets of the husband. See Ball v. Ball, 335 So.2d 5 (Fla. 1976). Title was taken in joint names, but the mortgage note financing the balance apparently was solely in the name of the husband.
During the marriage each party worked and contributed, in varying degrees, to family expenses. The marital home, consisting of some two-and-a-half acres, was substantially improved during the marriage with the addition of a barn and fencing. At the time of dissolution it was valued at $111,000.00 and the existing mortgage was approximately $45,500.00.
At trial the husband testified he intended no gift in placing the home in joint names. On appeal, the wife contends such testimony, standing alone, is not enough to rebut contrary evidence supporting a gift *536 at time of transfer. The Florida Supreme Court previously has told us otherwise. Marsh v. Marsh, 419 So.2d 629 (Fla. 1982). But the wife also contends that even if she is not entitled to one-half of the marital home under Ball, she is entitled to something under Landay v. Landay, 429 So.2d 1197 (Fla. 1983), and McClung v. McClung, 427 So.2d 350 (Fla. 5th DCA 1983).
In McClung the husband supplied the down payment on several parcels of property from his separate funds and paid for the balance from his earnings during marriage. In determining the method of assessment of the husband's special equity, we held:
[T]he spouse owning the separate property is awarded a special equitable property interest in the property in the form of a percentage of the title equal to the ratio which the original contribution of separate property bore to the original total acquisition cost; again the remaining equity or value of the property is considered marital property and subject to equitable distribution.
427 So.2d at 352.
In Landay the Florida Supreme Court adopted the same approach that we had utilized in McClung. There it was held that the correct formula to be used when one spouse had furnished some but not all of the consideration for entireties property could be stated:
[I]n addition to that spouse's automatic one-half share, the contributing spouse acquires a special equity in the property equal to one-half the ratio which that spouse's contribution bears to the entire consideration.
429 So.2d at 1200.
The wife argues that, using the Landay formula, the husband would have been entitled to a total interest in the home property of his 50 percent plus one-half of 9.09 percent (the proportion of his $5,000 down payment to the total purchase price of $55,000), or a total of 54.545 percent, leaving the wife an interest of 45.455 percent.
The husband argues that the evidence shows that he substantially improved the property through his own extraordinary personal industry, relying on Hipps v. Hipps, 418 So.2d 1234 (Fla. 5th DCA 1982). Even if the trial court accepted this, however, it could not justify the elimination of all interest in the wife. In Hipps the extraordinary contributions of the husband were greater than in this case, and we left the parties with an equal interest in the disputed property, which originally had been entirely in the wife's name.
In the final judgment in the instant case, the trial court ruled that the primary physical residence of the parties' son, David, would be with the husband. It was further ordered that the husband was to bear the sole financial responsibility for the child's support and maintenance. It is apparent that the trial court contemplated that the child would be residing in the marital domicile with the husband, to whom title to the property was awarded. This purpose could have been accomplished by the award to the husband of the exclusive right to possession of the marital domicile as child support during the minority of the child. See Duncan v. Duncan, 379 So.2d 949 (Fla. 1980).
Apparently the trial court found that the extraordinary efforts of the husband in construction of the barn gave rise to a special equity in the husband. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Hipps; Floyd v. Floyd, 383 So.2d 773 (Fla. 5th DCA), review denied, 392 So.2d 1374 (Fla. 1980). Even if this is true, and we accept it as a valid factual determination made by the trial court, the total divestiture of the wife's fee interest in the home is still unwarranted. The husband's testimony was that the barn enhanced the value of the home property by $20,000, the total value being $111,000. This equity, over and above that created by the down payment, would be eighteen percent, one-half of which would be nine percent. This, added to the 54.545 percent above, aggregates 63.545 percent for the husband  not 100 percent. The wife still should retain at least a 36.455 percent interest in the fee.
*537 We therefore reverse the award of the wife's entire legal interest in the home property, and remand for entry of a judgment granting the husband a special equity of 13.545 percent in his wife's one-half interest in the property. In view of this determination, we also vacate the provision in the final judgment (paragraph 3 thereof) relating to child support for reconsideration by the trial court in light of our reversal of the award of the entire fee interest in the home property to the husband.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., J., concurs.
SHARP, J., concurs in part, dissents in part with opinion.
SHARP, Judge, concurring in part; dissenting in part.
I would simply apply the Landay v. Landay, 429 So.2d 1197 (Fla. 1983), formula in this case. After marriage, the earnings or labors of the marital partners should not be used to create a special equity in jointly-owned assets: in this case, building a barn. Duncan v. Duncan, 379 So.2d 949 (Fla. 1980); Ball v. Ball, 335 So.2d 5 (Fla. 1976); McClung v. McClung, 427 So.2d 350 (Fla. 5th DCA 1983). While the barn was being built, the wife ran the household and looked after the husband's children (only one of which was hers), furnished lumber for the barn's construction, and contributed her earnings and resources to their joint efforts. Recognizing special equities in this context will lead to trials about who washed the socks or carried out the garbage more often than was equitable. I think it is a mistake for courts to embark on such a quest.