494 So.2d 514 (1986)
Kathleen W. STRICKLAND, Appellant,
v.
Aubrey Eugene STRICKLAND, Appellee.
No. 85-1895.
District Court of Appeal of Florida, Fourth District.
September 17, 1986.
*515 Philip M. Berman, Pompano Beach, for appellant.
No appearance for appellee.
STONE, Judge.
The wife appeals an award of a special equity in each of two properties to the husband. There are two issues:
1. As to the first property: May the husband acquire a special equity in jointly-owned property simply by virtue of the physical labor he contributed in the construction of their home?
2. As to the second property: May the husband acquire a special equity in jointly-owned property by virtue of an apparent finding (although not specified in the judgment) that his two brothers each contributed one-third toward the purchase price, although title was taken solely in the name of appellant and appellee?
The parties were married for fourteen years. Both were employed throughout the marriage. There are no children or other assets. The parties are persons of modest means. Each has been responsible at various times during the marriage for lump sum payments into their joint account. On one occasion the husband deposited in the account a $10,000 termination payment from his employer. The wife inherited $20,000, which was paid into the joint account, as were the proceeds from the sale of an earlier house which had been purchased with a $10,000 loan from her father (which was forgiven at his death).
A portion of the funds from their joint account went into the purchase and financing of the lot in Loxahatchee, (the first property), upon which their home was ultimately constructed over a period of many years. The husband contributed a substantial amount of physical labor to the construction of that home.
Joint funds, or funds earned during the marriage, constituted at least part of the down payment on the St. Cloud parcel  the second property. The husband alleged that the wife's name was on the St. Cloud property only for convenience and financing purposes, and that the property was in fact purchased for the benefit of himself and his two brothers. The husband claimed that the mortgage payments on that property had been made by his brothers, who are not parties to this action.
There is no equitable distribution or alimony involved in this judgment, and none was sought. There are no significant findings of fact as to the marital home other than that the husband had proved his claim for a $20,000 special equity, and none at all with respect to the St. Cloud property. The trial court simply found and ordered that the husband had a special equity in the jointly owned Loxahatchee home, which was to be sold, and the court further directed that the wife convey all of her right, title and interest in and to the St. Cloud property to the husband.
The husband's special equity claim to the home is not based on any financial contribution from separate funds. His claim to a special equity in the St. Cloud property is apparently based on the premise that his brothers' contributions are the equivalent of his separate funds.
With respect to the first property, we have considered the following cases and conclude that there is no reason to distinguish labor from income when determining whether a special equity exists in property held as a tenancy by the entirety. Physical labor performed by one spouse on jointly owned property should not be considered to *516 be from a source unconnected with the marriage.
In Ball v. Ball, 335 So.2d 5 (Fla. 1976), the basic principle was recognized that a spouse has a special equity in marital property when he or she provides the funding for its acquisition from a source unconnected with the marriage.
In Duncan v. Duncan, 379 So.2d 949 (Fla. 1980), the trial court found that the husband had a special equity by virtue of his participation in the construction of a residence. The supreme court denied any special equity to the husband, saying:
[W]e must reject the finding that the efforts of the husband in constructing the improvements on the Alabama property constituted a "special equity".
Id. at 951.
In Duncan, the supreme court treated that property as any other property accumulated with marital assets and said:
A special equity in property held as tenants by the entirety will not arise when the property is acquired from funds generated by a working spouse while the other spouse performed normal household and child-rearing responsibilities.
Id. at 952.
In McIntosh v. McIntosh, 393 So.2d 582 (Fla. 1st DCA 1981), the court considered the basic principles of special equity as enunciated in Ball, and noted that a special equity does not generally arise where the funding for the property is derived from the income of one spouse while the other spouse performed the job of homemaker. The court recognized there is no reason to make a distinction between the husband as the source of funding and the husband as the source of labor in the construction of the home.
In Holbrook v. Holbrook, 383 So.2d 981 (Fla. 4th DCA 1980), the court was concerned with the fact that since one spouse's earnings were higher than the other's, that spouse had contributed more to the purchase of the property. The court recognized the fact that the unequal contribution of one spouse was not a valid basis for determining a special equity.
Fiedler v. Fiedler, 375 So.2d 1119 (Fla. 2d DCA 1979), which was quoted extensively in Holbrook, held that where both parties work, and the income of one spouse is the source of funding for the property, the fact that one spouse's income may be in excess of the other's is not considered as being from a source clearly unconnected with the marital relationship.
Wallace v. Wallace, 453 So.2d 535 (Fla. 5th DCA 1984), and Hipps v. Hipps, 418 So.2d 1234 (Fla. 5th DCA 1982), may be in conflict with our opinion. However, Hipps is distinguishable. There, the court was awarding the husband an interest in the wife's separately -owned property, recognizing his contribution to its improvement. In Wallace, the dissenting opinion is consistent with this opinion. There, Judge Sharp in concurring and dissenting said:
After marriage, the earnings or labors of the marital partners should not be used to create a special equity in jointly owned assets ... reorganizing special equities in this context will lead to trials about who washed the socks or carried out the garbage more often than was equitable. I think it is a mistake for courts to embark on such a quest. (emphasis original).
Id. at 537.
We recognize that in McIntosh and Duncan the courts considered the fact that the wife was a homemaker, whereas in this case the wife is primarily a wage-earner. However, there is nothing in those cases, particularly considering them together with Holbrook and Fiedler, that limits their rationale to a provider-homemaker or provider-provider context when considering special equity claims with respect to entireties property. We therefore conclude that the husband is not entitled to a special equity in the jointly awarded Loxahatchee property for his labor.
With respect to the St. Cloud property, the trial court apparently awarded the special equity to the husband on the basis *517 of crediting the husband with the contributions of his brothers toward the purchase, considering that to be a source outside of the marriage. However, in this respect the court made no findings, nor did the court state whether the allocation was in fact a special equity, although that was the basis upon which the husband had sought relief. In any event, the husband failed to produce evidence which would justify the creation of a special equity in the wife's half of their joint interest, whatever that may ultimately prove to be, vis-a-vis the two brothers.
Therefore, we reverse the judgment and remand with instructions to amend the final judgment to recognize the wife's full one-half interest in the Loxahatchee home, and to make findings of fact with respect to the St. Cloud property, recognizing that, in any event, the wife's interest in such property is, at a minimum, equal to that of the husband.
REVERSE AND REMAND.
GLICKSTEIN and WALDEN, JJ., concur.