523 So.2d 182 (1988)
John R. McKINLAY, Appellant,
v.
Louise R. McKINLAY, a/k/a Ellen Louise McKinlay, Appellee.
No. BN-405.
District Court of Appeal of Florida, First District.
April 7, 1988.
*183 Joseph E. Warren, Jacksonville, for appellant.
Mark H. Mahon of Lacy Mahon, Jr. and Mark H. Mahon, P.A., Jacksonville, for appellee.
ZEHMER, Judge.
Appellant, John R. McKinlay, appeals from a final judgment of dissolution granting Appellee, Louise R. McKinlay, a special equity in the property acquired during the parties' marriage. The trial court based the special equity on its factual findings that: (1) the wife produced a greater income during the course of the marriage; (2) the wife performed a greater portion of the household duties and child-rearing responsibilities during the course of the marriage; and (3) the husband, during the last third of the marriage, committed adultery and used marital funds to support the adulterous relationship. We find that the factual bases for awarding the special equity do not conform with applicable principles of law.
A special equity is defined as a vested interest that a spouse acquires in property held by the parties during the marriage because of the contribution of funds, property, or services made over and above the performance of normal marital duties. Duncan v. Duncan, 379 So.2d 949 (Fla. 1980). The fact that the parties' earnings are not in parity has been held not to justify an award of special equity. Holbrook v. Holbrook, 383 So.2d 981 (Fla. 4th DCA 1980), pet. for rev. den., 392 So.2d 1375 (Fla. 1980); Fiedler v. Fiedler, 375 So.2d 1119 (Fla. 2d DCA 1979), cert. denied, 383 So.2d 1193 (Fla. 1980). Similarly, performance of a greater portion of the household duties and child-rearing responsibilities is not the kind of contribution that justifies an award of special equity. See Strickland v. Strickland, 494 So.2d 514 (Fla. 4th DCA 1986) and West v. West, 399 So.2d 428 (Fla. 5th DCA 1981). See also *184 Judge Sharp's dissent in Wallace v. Wallace, 453 So.2d 535 (Fla. 5th DCA 1984).
The facts underlying Appellant's adulterous relationship in this case also do not provide a proper basis for awarding a special equity in the parties' marital property. Evidence of Appellant's adulterous relationship was irrelevant to a finding that Appellee contributed services or funds over and above normal marital duties. The Florida Supreme Court recently held that evidence of a spouse's adultery is not a proper basis for awarding an increase in alimony where there is no evidence that the adulterous relationship resulted in the faithful spouse's greater financial need nor depletion of the family resources. Noah v. Noah, 491 So.2d 1124 (Fla. 1986). The record before us reveals no evidence that Appellant's relationship resulted in Appellee's greater financial need, and the evidence of the several expenditures for a motel room and the like are too de minimis to support a finding that Appellant's adulterous conduct materially contributed to a depletion of the family resources.
Appellant also argues that the court improperly divided Appellee's investment plan. This plan is an account Appellee has with her employer and contains money invested by Appellee and her employer. Whether this account constitutes a savings account or a retirement plan, the trial court should have considered the vested amount that accumulated during the marriage as a marital asset subject to equitable distribution. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986); Allison v. Allison, 491 So.2d 1201 (Fla. 1st DCA 1986).
The judgment is thus in error in respect to the disposition of marital assets in these two respects and must be reversed. Because the overall scheme of distribution of marital assets has been upset by this decision, the trial court is free to address anew the overall scheme for distribution of all marital assets.
REVERSED AND REMANDED.
WIGGINTON, J., concurs.
BOOTH, J., dissents with written opinion.
BOOTH, Judge, dissenting.
The trial court based its award of a special equity on a combination of three factors, which the majority considers separately and finds insufficient. I would affirm since, under the facts of this case, there has been no showing that the trial court abused its discretion.
As to the wife's investment plan with her employer, there are a number of bases for affirming the trial court's award in that regard. First, the evidence showed that withdrawal of the amount sought by the husband required the wife's suspension from the plan, loss of her employer's contribution for one year, and created tax liability. Second, the husband failed to prove the net amount available for distribution. Finally, the trial court may also have considered the husband's 18-year employment with his family business and his eventual part ownership of that business, as testified to by the parties, as at least an equivalent asset to the wife's share of her retirement fund. Thus, appellant has failed to show that the trial court abused its discretion in limiting the husband's interest in the wife's retirement plan to "one-half interest [of the retirement plan] ... to the extent of the amount available for which taxes have been paid, i.e., one half of the sum of $1,830.71."