536 So.2d 353 (1988)
Dewey Steven CREWS, Appellant,
v.
June Carol CREWS, Appellee.
No. 88-1601.
District Court of Appeal of Florida, First District.
December 22, 1988.
*354 Granville C. Burgess, Fernandina Beach, for appellant.
Gary Baker, Callahan, for appellee.
SHIVERS, Judge.
The husband appeals a final judgment dissolving marriage which denies certain special equities to him and requires him to pay child support. We reverse the denial of special equities in the husband to the marital home and the adjacent acreage and remand with directions.
At the time of the parties' marriage, the husband was employed as a truck driver, and he owned, among other things, five acres of land with a furnished mobile home and a savings account of about $15,000.
During the marriage the mobile home was sold for $5,000 and this money was combined with approximately $6,000 from the husband's savings account to make the down payment on the jointly titled homestead. The five acre tract was traded even for a four acre jointly titled tract of real estate adjoining the homestead. The husband testified that the properties were placed in joint names for inheritance purposes and that he did not intend to make a gift of his extraordinary contribution to the wife. The husband also testified that he put the properties in both of their names because he anticipated that they would be living together as husband and wife for the rest of their natural lives. The parties' savings and checking accounts maintained throughout the marriage were accessible to and contained funds contributed by both parties.
The husband appeals[1] the portion of the order that denies his claim of special equity in the jointly titled real properties, awards the wife half of the savings account that the husband retained, and orders the husband to pay $65 per week per child.
We first dispose of the wife's contention that the husband's special equity claims below were not cognizable. During trial, the husband withdrew his counter-petition and asked the court to treat it as an answer to the wife's petition which the court agreed to do. The court proceeded to consider the husband's special equity claim and we find no abuse of discretion by its doing so. The Starcher v. Starcher, 391 So.2d 340, 341 (Fla. 4th DCA 1980) case advanced by the wife in support of her contention holds that "a special equity is not properly considered as a pure defense against the special equity claims of the opposing spouse." As the wife in the instant case never asserted a special equity in any of the marital properties, the husband's claims are not in the defensive posture that concerned the court in Starcher. Starcher is inapplicable.
*355 We also find that the court did not abuse its discretion by considering the husband's claim to go beyond just the marital home. The record sufficiently establishes notice of the husband's claims for special equity in the marital home, the adjacent four acres, and the joint account.
Ball v. Ball, 335 So.2d 5, 7 (Fla. 1976) provides the rule in Florida that "special equity is created by an unrebutted showing... that all of the consideration for property held as tenants by the entireties was supplied by one spouse from a source clearly unconnected with the marital relationship." Landay v. Landay, 429 So.2d 1197 (Fla. 1983) simply adds that it is not necessary that a spouse contribute all the consideration in order to establish a special equity. The Landay case established that the formula to be used in determining the special equity interest in situations in which a spouse furnishes some but not all of the consideration for entireties property, is that, "in addition to that spouse's automatic one-half share, the contributing spouse acquires a special equity in the property equal to one-half the ratio which the spouse's contribution bears to the entire consideration." Id. at 1200.
As to the joint account, we affirm the judge's proportionate award to the wife because the husband cannot establish a special equity in commingled funds where both parties had equal access and made deposits to the account over the years. Walser v. Walser, 473 So.2d 306 (Fla. 2d DCA 1985).
As to the marital home and its adjacent four acres however, the husband has established special equity. The four acres were obtained by a swap for five acres that were owned solely by the husband prior to the marriage. It is clear from the record that $11,000 of the husband's funds, obtained outside the marriage, went toward payment for the marital home. "[T]he court should award a special equity only where ownership rights are reasonably ascertainable and the subsequent action of the parties remains consistent with the `no gift' presumption we must now adhere to." Lawless v. Lawless, 362 So.2d 302, 303 (Fla. 2d DCA 1978). Ownership rights are easily ascertainable in the instant case.
The actions of the parties are consistent with the no gift presumption. Ball "eliminated the judicially created presumption that when separate property is used to purchase marital property, the presumption arises that one spouse makes a gift of those separate funds to the other spouse." Landay, 429 So.2d at 1199. Claughton v. Claughton, 483 So.2d 447 (Fla. 3d DCA 1986), relied upon by appellant, is a 1975 dissolution case and the trial court's awards were governed by pre-Ball law. Under Ball, when one spouse establishes an extraordinary contribution on that spouse's part, the presumption is that no gift was intended which presumption may be rebutted by the other spouse.
The wife here relies heavily on the dicta of Holbrook v. Holbrook, 383 So.2d 981 (Fla. 4th DCA 1980) in asserting that the husband's testimony indicating that he had the marital home titled jointly for inheritance purposes and for the reason that he anticipated that the marriage would last until death indicates an intention on his part to make a gift of his extraordinary contribution to the wife. The Holbrook court reversed the trial court's finding of special equity in the wife on the ground that her contribution was not extraordinary enough in light of the evidence. The court went on to say that even assuming the wife's contribution was extraordinary enough, her testimony that the property was titled jointly to avoid probate on the property and because she anticipated that the marriage would last until death manifested an intent on her part to make a gift of her contribution. We decline to rely on the dicta in Holbrook. Most all marriages are entered into with the expectancy of enduring and that fact should not overcome the presumption that extraordinary contributions are not gifts. Such an initial expectancy should not defeat a legal presumption. As well, a spouse's intention to make a gift of an extraordinary contribution upon that spouse's death should not be equated to an intention to do so inter vivos. To allow that a spouse's joint titling of *356 property for the purpose of probate avoidance manifests an inter vivos donative intent would needlessly blur a distinction between inter vivos and testamentary gifts.
We find competent, substantial evidence in the record supporting the trial judge's award of child support to the wife.
Accordingly, we affirm the child support award and the proportionate award to the wife of the joint account funds and we reverse the denial of special equity in the husband to the marital home and to the adjacent acreage and remand for distribution of the parties' assets in light of a determination of the extent of the husband's special equities.
AFFIRMED in part and REVERSED in part.
MILLS and WENTWORTH, JJ., concur.
NOTES
[1] After the notice of appeal was filed, the wife filed a motion for clarification and modification in this matter seeking, among other things, the sale of the marital home with the profits to be divided equally between the parties.