BERANEK, Judge.
Plaintiff/appellee sued defendants/appellants for the return of an $18,500 deposit on a contract for the sale of appellants’ home to appellee. Although plaintiff’s suit was based upon the existence-of a contract between the parties, the trial court declared the contract void yet ordered defendants to return the deposit. We reverse.
The facts are basically uncontested. Mr. Russell, a New York resident, visited Palm Beach briefly while on his way to Europe for a business trip. He briefly inspected a home owned by Mr. and Mrs. Hughes and decided that he and his wife would purchase it. The agreed price was $185,000. Mr. Russell instructed his wife, who was in New York and had never seen the home, to execute and return the deposit receipt contract upon receipt from the sellers who were preparing it. Mr. Russell also told Mrs. Russell to make the necessary deposit of $18,500.
The contract prepared by Mr. and Mrs. Hughes referred to Mr. and Mrs. Russell as the purchasers. The unsigned contract was mailed by the sellers to New York and Mrs. Russell alone signed it on May 26,1978, and placed the ten per cent deposit in trust with the broker. She returned the contract to Florida where the sellers executed it on May 30, 1978.
Thereafter, prior to closing, Mr. Russell retained a general contractor to inspect the house. Based on the contractor’s report which described the property in need of numerous repairs, the Russells decided not to close the transaction. Mrs. Russell filed suit to terminate the contract and for the return of her $18,500 deposit. The complaint alleged the existence of the contract but did not rely upon the contractor’s report as a basis for terminating the contract. Instead, the complaint alleged that the contract was subject to termite and plumbing inspections and that the reports of the exterminator and the plumber were unsatisfactory. Based on these two reports, the complaint alleged that plaintiff elected to terminate the contract and retake the deposit.
The defendants filed an answer and counterclaim admitting the existence of the contract but asserting plaintiff to be in breach thereof and seeking to retain the deposit as liquidated damages under the contract.
The case proceeded to trial. At the conclusion of the trial, the court announced thát the contract was void because it had not been signed by Mr. Russell. Based on this finding that the contract was unenforceable, the Court ordered return of the deposit. In its final judgment, the court concluded the agreement between the parties was incomplete and unenforceable because one of the intended parties, Charles Russell, never signed it. In so ruling, we conclude that the trial court committed reversible error.
Husbands and wives stand equally before the law in regard to their ownership and disposition of property. Article X, Section 5 of the Florida Constitution, provides that there shall be no distinction between married men and women in the holding or disposition of their property. Section 708.-08, Florida Statutes (1979), provides in relevant part:
(1) Every married woman is empowered to take charge of and manage and control her separate property, to contract and to be contracted with, to sue and be sued, to sell, convey, transfer, mortgage, use and pledge her real and personal property and to make, execute, and deliver instruments of every character without the joinder or consent of her husband in all respects as fully as if she were unmarried.
In the instant case, Mrs. Russell was totally capable of contracting on her own behalf, despite the fact that her husband had.ini *258 tially contemplated being involved in the sale. Mrs. Russell signed the deposit receipt contract on May 26, 1978. The Hugheses accepted and signed it May 30, 1978. The deposit was paid and a binding contract resulted. No party to the contract contended otherwise in the pleadings or trial below.
The trial court erred in basing its conclusion upon an issue which had never been the subject of a pleading. Both plaintiff and defendants/counterclaimants affirmatively pleaded the existence of the contract and, indeed, both the complaint and counterclaim were based upon the enforceability of the contract. We, thus, reverse the final judgment and remand the cause to the trial court for further proceedings which should include a new trial on all issues framed by the pleadings. We are aware that the trial court made certain comments during the trial to the effect that Mr. and Mrs. Hughes had complied with the contract, but these comments are not contained in the final judgment. The appellants urge we should reverse and enter judgment for them. We do not go this far because clearly the trial court never reached the issue of whether buyer could properly terminate the contract based on the termite and plumbing inspections. These factual issues are yet to be decided.
We reverse and remand for a new trial on the issues as established by all of the pleadings.
REVERSED AND REMANDED WITH DIRECTIONS.
ANSTEAD and MOORE, JJ., concur.