DOWNEY, Judge.
Appellants, Frank J. Preve and Esperanza Preve, appeal from a final judgment of the trial court, without a jury, awarding appellees, Stanley N. Albert and Valerie D. Albert, the sum of $15,164.05 for breach of a contract to sell a single family home.
The case arose out of a dispute relating to a deposit receipt contract for the purchase of a single family home owned by the Alberts. The Preves were shown the Albert home, among others, by Carol Rein-hart, a real estate salesperson. After the Preves visited the home, a written offer was submitted to the Alberts for a purchase price of $180,000. The written offer, a printed form, does not specify whether the “buyer” was to be Frank Preve, Esperanza Preve, or both of them. This written offer was signed by Esperanza Preve and dated October 8, 1984. After signing the offer on October 8, Esperanza Preve returned to her home in California. The offer was rejected by the Alberts, who countered by offering to sell for $195,000.
On October 11, 1984, Frank Preve executed the contract sued upon. This contract was dated October 8, 1984. The contract named Frank Preve as the sole buyer and reflected the increased purchase price of $195,000. The contract indicated that title was to be held in the name of Mrs. Preve and acknowledged receipt of a $1,000 deposit. The contract further required that a $17,000 additional deposit be paid to the Alberts within seven days following their acceptance. After execution by Mr. Preve, the contract was signed by the Al-berts on October 12, 1984.
Attached to the contract was an addendum listing both Mr. and Mrs. Preve as the buyers and signed solely by Mrs. Preve. The addendum was dated October 8, 1984, and, apparently had been originally attached to the first $180,000 offer submitted to the Alberts. There is no evidence that Mrs. Preve authorized, or even knew about, the attachment of the addendum to the $195,000 offer made by her husband.
The additional $17,000 deposit required by the contract was never paid and the transaction did not close. On October 24, 1986, the Alberts filed suit against both Mr. and Mrs. Preve, as well as the real estate broker involved in the transaction, Fortune Realty, Inc., and Carol Reinhart, its agent. An amended three-count complaint was subsequently filed on August 5, 1987, seeking damages for breach of contract against the Preves, and damages due to negligence against Fortune Realty, Inc., *34 and Carol Reinhart. The Preves’ amended answer to the complaint denied that Esperanza Preve was a party to the contract.
In due course, the claims against the broker and its agent were settled and the case proceeded to trial against the Preves on the question of liability and damages. The Preves did not attend the trial nor produce any witness in their behalf. Mr. Albert testified that the fair market value of the property was $185,000 at the time of the contract for sale as well as at the time the contract was breached. The record also shows that the Alberts sold the property several months after the Preve contract fell through for $185,000. The real estate saleswoman testified that all of her conversations and negotiations leading to the signing of the second contract for $195,000 were with Mr. Preve. The trial court entered judgment in favor of the appellees (Alberts) and against both appellants (Preves) for $15,164.05, which included prejudgment interest. The court concluded that the proof showed the market value of the property to be $185,000 rather than $195,000 and, thus, the Alberts’ loss of bargain was the difference, plus prejudgment interest.
The evidence appears clear that, although Esperanza was involved in the purchase of the property initially and was the sole signator of the original contract offer of $180,000, which the Alberts rejected, she did not sign the contract sued upon, nor is there any competent evidence to bind her as a contracting party. Hughes v. Russell, 391 So.2d 256 (Fla. 4th DCA 1980). Accordingly, the judgment against Esperanza is not supported by the evidence. Nevertheless, the evidence is sufficient to support the judgment in favor of the Alberts against Frank J. Preve.
In view of the foregoing, we reverse the judgment as against Esperanza Preve and affirm the judgment in all other respects.
LETTS, J., and WALDEN, JAMES H., Senior Judge, concur.