POLEN, Judge.
This is an appeal by the cross-plaintiffs of (1) a final judgment of the Palm Beach County Circuit Court which, although granting appellants/sellers specific performance and ancillary damages relative to a real estate contract, granted it only as it related to one of the named parties, Lucy Smith as personal representative of the estate of her deceased husband, and (2) an order granting appellee, Lucy Smith (individually), attorney’s fees as the prevailing cross-defendant. We reverse on both points.
On November 15, 1992, Donald Smith and his wife, Lucy Smith, entered into a contract to purchase real estate from appellants Robert Jones and Kenneth Salomon. The contract also contained an addendum which provided, in pertinent part, that the “[bjuyer takes property ‘as is’ subject to existing vegetation and soil conditions.” Although the addendum was signed by Mr. Smith, it was never executed by his wife, Lucy Smith.
Thereafter, on January 19, 1993, the Smiths’ counsel sent a letter to appellants in which he demanded return of the deposit, listing three reasons for their position. The *1278 Smiths’ position was that there was undisclosed muck and water on the property, that the property had no ingress and egress, and that the lot was “not finaneeable.” As a result of appellees’ action, the holder of the deposit filed an interpleader action against defendants Donald and Lucy Smith (Buyers) and Robert Jones and Kenneth Salomon (Sellers). At the same time, the sellers cross-claimed against the buyers, alleging breach of the sales contract and addendum, and demanding specific performance. In the interim, prior to trial, Donald Smith died on September 1, 1993. His wife, Lucy Smith, personal representative, was substituted for him as a party.
On the evidence presented at trial, the trial judge granted specific performance and ancillary damages in favor of appellants. However, such relief was granted against Donald Smith’s estate only. In declining to grant judgment against Lucy Smith, the trial court stated:
Buyer LUCY M. SMITH was not a signatory to the Addendum and is not listed as a party on the contract for Sale and Purchase or the Addendum which was attached thereto at execution.
In addition, the trial judge ruled that the appellants were the prevailing party, and were entitled to an award of attorney’s fees and costs against the estate of Donald Smith. He also found that Lucy Smith (individually) was the prevailing party against appellants and was, therefore, entitled to attorney’s fees and costs from appellants.
The first issue raised here by appellants is whether the trial court erred in finding that appellee Lucy Smith was not a party to, or bound by, the November 15,1992 contract and addendum. In so ruling, we conclude that the trial court committed reversible error. In arriving at our determination to reverse on this point, we rely upon our holding in Hughes v. Russell, 391 So.2d 256 (Fla. 4th DCA 1980), wherein we held that a trial court may not base its decision upon an issue which had never previously been raised by the parties. In the instant ease, by her actions, conduct, and signature, Lucy Smith clearly was a party to the contract. Although Lucy Smith signed only the first page of the “Contract for Sale and Purchase,” “SPECIAL CLAUSES” of that contract specifically stated “Addendum is attached,” thereby incorporating the addendum by reference. Lucy Smith’s failure to put her signature on the addendum was, by her own admission, simply inadvertent. In addition, her actions after that meeting clearly evidence that she considered herself a party to the contract. In all the pleadings below and at trial, the appellee, Lucy Smith admitted to the execution of the contract and addendum. She never raised as an issue in any pleading that she was not a party to the contract. Thus, here as in Hughes, we find that the trial court erred in basing its conclusion on an issue which was not the subject of the pleadings, and we reverse on this point.
We additionally hold that the trial court erred in awarding Lucy Smith attorney’s fees, as a result of her “prevailing party” status. The terms of the real estate contract between the Smiths and the plaintiffs contained a prevailing-party provision. Since, in reversing, we do so as a result of our conclusion that Lucy Smith was a party to, and was, indeed, bound by, the contract and addendum, then she, along with her husband, can no longer be deemed the prevailing party. Therefore, as the non-prevailing party, pursuant to her contract, she is no longer entitled to attorney’s fees. Therefore, we reverse and remand to the trial court to enter a new judgment consistent with this opinion.
DELL and STONE, JJ., concur.